Mabel W. BANTON, Individually and as Administratrix of the Estate of Pete A. Banton, Deceased, Plaintiff-Appellant,

v.

Dempsey H. MARKS and Albert P. Marks, Individually and d/b/a Marks, Fleming and Marks, Attorneys at Law, Defendants-Appellees.

Court of Appeals of Tennessee,
Middle Section,
at Nashville.

Aug. 13, 1981.

Permission to Appeal Denied by Supreme Court, Nov. 2, 1981.

William H. Poland, Poland & Poland, Clarksville, Chambers, Johnson, Brooks & Beckner, Nashville, for plaintiff-appellant.

William C. Moody, W. Warner McNeilly, Jr., Nashville, for defendants-appellees.

## OPINION

CONNER, Judge.

This appeal tests the applicability of the one year statute of limitations in a legal malpractice case.

The facts are undisputed for purposes of this appeal since the case was dismissed on defendants' motion for summary judgment.

Plaintiff-appellant's decedent,[1] Pete A. Banton, a Tennessee resident, was injured in a two vehicle collision on July 9, 1976, in Todd County, Kentucky. Due to the graveness of his injuries, including a broken back and a severed spinal cord, Mr. Banton was transported to Baptist Hospital in Nashville, Tennessee, where he was placed in the care of Dr. C. David Schiebert.

Plaintiff, the wife of Mr. Banton, who was then totally disabled, retained defendants on or about July 15, 1976, to represent their interests in the matter.

Mr. Banton remained at Baptist Hospital in the care of Dr. Schiebert until October 1, 1976. He was then released from nis care and transported to Memorial Hospital in Clarksville to be close to his family until hopefully well enough to go home.

However, on October 3, 1976, plaintiff learned that her husband had developed several life threatening bed sores. This information was communicated to the defendant attorneys that same day. Plaintiff's husband died October 19, 1976, while still a patient of Memorial Hospital. His immediate cause of death was listed as septicemia.

On June 23, 1977, Mrs. Banton filed a diversity of citizenship action in Federal District Court in Bowling Green, Kentucky, against the driver of the other vehicle, a Kentucky resident, seeking $357,000.00 in damages for the wrongful death of decedent. Neither Baptist Hospital nor Dr. Schiebert were named as defendants in that action.

On numerous occasions plaintiff requested that a lawsuit be brought against Baptist Hospital and Dr. Schiebert for malpractice. The defendant attorneys continually assured plaintiff that they would take care of everything, or suggested to Mrs. Banton that it was best to do "one thing at a time." Plaintiff's son and granddaughter received the same type of assurance from defendants as late as August of 1977. The statute of limitations, § 29–26–116 (formerly T.C.A. § 23–3415), ran as to Baptist Hospital and Dr. Schiebert on October 1, 1977, without any action having been brought against the hospital or the doctor.

Three months later, in January of 1978, plaintiff contacted her present attorneys, inquiring as to the possibility of filing a lawsuit against Baptist Hospital and Dr. Schiebert. She was then told by them that the time had indeed expired for bringing suit against Baptist Hospital and/or Dr. Schiebert. Plaintiff then confronted defendant Albert Marks with this fact, and he said nothing. The wrongful death suit in federal court in Kentucky was settled on September 19, 1978, for the nominal amount of $2,000.00. Plaintiff filed the instant suit against Marks and his partners for legal malpractice on October 16, 1978, alleging a failure to bring a medical malpractice suit.

Defendants filed a motion for summary judgment on the basis that the action became time barred by T.C.A. § 28–3–104 (formerly T.C.A. § 28–304) on October 1, 1978, one year after the date when the statute of limitations ran as to any cause of

---

1. Hereinafter the parties will be referred to as in the trial court or by their names, as abbrevi-   ated.

action which plaintiff might have had against Dr. Schiebert or Baptist Hospital for medical malpractice. The trial court sustained the motion and dismissed plaintiff's suit. Plaintiff appealed contending that the statute should run from January of 1978 when plaintiff discovered from her present counsel that the statute of limitations in malpractice cases was one year. In the alternative plaintiff contends that the statute should extend one year from September 19, 1978, the date the Kentucky litigation was terminated.

Plaintiff relies upon *Teeters v. Currey*, 518 S.W.2d 512 (Tenn.1974) and *Ameraccount Club, Inc. v. Robert Hill, et al.*, 617 S.W.2d 876 (Tenn., 1981). Clearly *Teeters* and *Ameraccount* do stand for the proposition that the statute does not begin to run until a purported victim of medical or legal malpractice discovers or reasonably should discover "the fact" that the malpractice had occurred, resulting in harm to him or her. However, we do not believe those cases stand for the proposition that the statute does not begin to run until the victim discovers the length of the statute of limitations.

One reason for this is the presumption that everyone is deemed to know the law, *Hill v. Maloney*, 21 Tenn.App. 216, 108 S.W.2d 791 (1937), absurd as it might be in certain circumstances. However, this is not a "weighty" presumption. *Ibid.*

A far better reason is that unless we so hold, the clear legislative intent to strictly limit to one year the time in which such actions may be filed would easily be circumvented. Any plaintiff who had not filed suit for malpractice within one year could avoid the prohibition of the statute simply by saying that he or she was unaware of its existence. This claim could be made one year and one day after the alleged occurrence or eleven years later, even though witnesses might be dead or unavailable and memories dim or non-existent. The test would become subjective, rather than objective.

Had the legislature intended such a result we believe it would have so stated, which it did not. To the contrary, the statute is very clear that the action must be commenced within one year of the accrual of the cause of action for malpractice. By judicial construction, and in the case of medical malpractice, by statute, this time has been extended to one year from the date of discovery—if discovery does not occur within one year.

T.C.A. § 28–3–104 provides in applicable part: "... suits against attorneys for malpractice ... shall be commenced within one (1) year after cause of action accrued."

As to doctors, T.C.A. § 29–26–116 provides:

> *Statute of limitations—Counterclaim for damages.*—(a)(1) The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28–3–104.
>
> (2) *In the event the alleged injury is not discovered within the said one (1) year period*, the period of limitation shall be one (1) year from the date of such discovery. (Emphasis supplied.)

.        .        .        .        .

Neither this court nor our supreme court has yet ruled on what the period of limitation is if on the date the alleged act of medical malpractice occurred, as contemplated by T.C.A. § 29–26–116, a potential plaintiff was unaware, but became aware of that fact within one year from the date thereof. Based upon the express wording of that statute a strong argument could be made the legislature intended to give an additional grace period to a prospective plaintiff *only* if the statute had already run when there was discovery. In other words, according to the language "In the event the alleged injury is not discovered within the said one (1) year ...", if a prospective plaintiff discovers the act of malpractice six months after its occurrence he or she would have six months in which to bring suit. While that same plaintiff would have twelve months to bring suit if the act of malpractice was discovered eighteen months after the fact. We recognize that such a construction might in some cases cause a harsh result, e. g., when the mal-

practice is discovered eleven months and twenty-nine days after occurrence. It is not necessary to decide that question in this cause, where legal malpractice and construction of a different statute are involved. However, it is worthy of note that this plaintiff even acknowledges that she was aware of the existence of the one year sister statute for legal malpractice at least nine months before it ran.

■ Based upon our understanding of *Teeters, Ameraccount* and T.C.A. § 28–3–104, relief from the one year statute of limitations in legal malpractice actions is available only when matters of fact, as opposed to matters of law, are unknown or undisclosed to a prospective plaintiff.

■ "A cause of action against an attorney for professional negligence accrued as of the date on which the negligence became irremediable." *Ameraccount Club, Inc. v. Robert Hill, supra.* In the instant case that date was, at the latest, October 3, 1977, when T.C.A. § 29–26–116 became a bar to plaintiff's suit against Dr. Schiebert and Baptist Hospital.

Plaintiff also contends in the alternative that the malpractice statute of limitations was tolled until the conclusion of the federal court action in Kentucky, where her decedent was originally injured. This occurred when a nominal settlement was effected September 19, 1978. Plaintiff's theory is that because, under Kentucky law, there might have been recovery for all plaintiff's decedent's injuries, including the alleged malpractice of Dr. Schiebert and Baptist Hospital, that the statute of limitations against defendants would not be finally exhausted until one year after that date. This position is likewise untenable. Neither Dr. Schiebert nor Baptist Hospital was a party defendant in the Kentucky federal court suit. In fact, neither could have been made a defendant. To have done so would have destroyed diversity of citizenship. The Kentucky action did not stay the operation of T.C.A. § 28–3–104.

*If* defendants committed malpractice against plaintiff that injury occurred on October 1, 1977, or at the outside two days

later (under the theory that Mrs. Banton did not learn of the alleged medical malpractice until October 3, 1976), the date on which the statute of limitations prevented plaintiff from filing suit against the alleged doctor and medical facility. On that date the alleged negligence was "irremediable." Plaintiff knew that defendants did not file suit. She knew three months later exactly what the statute of limitations was for legal malpractice actions. At the very latest she should have sued defendants on or before October 3, 1977. Otherwise, T.C.A. § 28–3–104 prohibited her recovery.

The judgment of the trial court is affirmed and this cause is remanded. The costs are taxed to the plaintiff.

AFFIRMED AND REMANDED.

LEWIS and CANTRELL, JJ., concur.