**George DUKES, Plaintiff/Appellant,**

v.

**Thomas A. NOE, III,
Defendant/Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Feb. 26, 1993.

Permission to Appeal Denied by
Supreme Court June 7, 1993.

N. Reese Bagwell, Clarksville, for plaintiff/appellant.

Edd S. Hurt, Jr., Clarksville, for defendant/appellee.

### OPINION

CANTRELL, Judge.

We are asked to decide when the one-year statute of limitations for legal malpractice began to run where the offending attorney filed a complaint in a personal injury action but allowed the suit to lapse when the defendant was not served with process. We hold that the statute began to run on the date the original action became subject to dismissal—not on the date it was actually dismissed.

### I.

George Dukes was injured in an automobile accident in Montgomery County on December 29, 1987, and hired Thomas A. Noe, III, to represent him in an action for personal injuries. Mr. Noe filed a complaint in the Circuit Court for Montgomery County on December 28, 1988, and process issued on the same date. The process server returned the process on December 30, 1988, marked "not to be found". Mr. Noe made

no further attempt to have an alias issued or to recommence the action by refiling the complaint within one year. Tenn.R.Civ. Proc. 3.

In January of 1990, Mr. Dukes hired new counsel to advise him on the status of his claim. New counsel wrote to Mr. Noe advising him that in all likelihood the statute of limitations had run on Mr. Dukes' claim and that Mr. Noe would be liable for allowing it to happen.

New counsel nevertheless obtained an alias summons and process was served on the original defendant on September 27, 1990. On December 3, 1990, the original defendant filed a motion to dismiss and on January 10, 1991, the court dismissed Mr. Dukes' lawsuit.

■ On January 8, 1992, this action was filed against Mr. Noe for negligently allowing Mr. Dukes' action to lapse. Counsel for Mr. Noe filed a *"motion for summary judgment and dismissal of claim"* raising the statute of limitations as a defense.[1] The trial judge ruled that the statute of limitations had run prior to the institution of the suit against Mr. Noe.

## II.

In *Ameraccount Club, Inc. v. Hill,* 617 S.W.2d 876 (Tenn.1981), the court stated that a cause of action accrues against an attorney on the date when the negligence becomes *irremediable. Id.* at 879. In a footnote the court reiterated the holding in *Taylor v. Clayton Mobile Homes, Inc.,* 516 S.W.2d 72 (Tenn.1974), that a plaintiff cannot be permitted to wait until he knows of *all* of the injurious effects or consequences of an actionable wrong. *Ameraccount,* 617 S.W.2d at 878, n. 1.

The appellant argues that the harm resulting from Mr. Noe's negligence did not become irremediable until the action was finally dismissed on January 10, 1991. That assertion follows the logical argument that since the statute of limitations is an affirmative defense and might never have

been raised, the original lawsuit though subject to dismissal, could have continued to judgment.

In *Banton v. Marks,* 623 S.W.2d 113 (Tenn.App.1981), we held that where the attorney's negligence resulted in the passage of the statute of limitations before suit had been filed, the statute of limitations as to legal malpractice began to run when the original claim was barred by the passage of time. *Id.* at 116. We did not require the plaintiff to go through the motions of filing the suit only to have it dismissed. We think the same is true here. When Mr. Noe failed to revive the suit and allowed sufficient time to pass so that it could not be revived, the suit was in the same position as if it had never been filed. In that respect this case is on all fours with *Banton v. Marks.*

In *Chambers v. Dillow,* 713 S.W.2d 896 (Tenn.1986) the Supreme Court said, "[w]here as here the client has knowledge of the lawyer's negligence, of the termination of his lawsuit, of the legal consequences of that termination, and has employed another lawyer to prosecute his malpractice claim, he cannot defer the irremediable injury date by futile efforts to revive a legally dismissed lawsuit." *Id.* at 898.

Upon consideration of all the facts in this case, we are convinced that the statute of limitations had run on the appellant's action against Mr. Noe prior to the time suit was filed on January 8, 1992.

The judgment of the court below is affirmed, and the cause is remanded to the Circuit Court of Montgomery County for any further proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.

---

**1.** We will treat the motion as a motion to dismiss which, according to the Supreme Court's decision in *Anthony v. Tidwell,* 560 S.W.2d 908, 909 (Tenn.1977), may raise an affirmative defense if it clearly appears from the face of the complaint that the defense is applicable.