CHEHARDY, Judge.
Defendant, Jack Sciortino, appeals from a trial court judgment in favor of the plaintiff, Vincent Costanza, and against the defendant in the amount of $2,470 with 8% per annum interest from June 5, 1979, until paid, 25% attorney fees and all costs.
Plaintiff filed suit on the basis of a claim on a promissory note signed by the defendant on May 4, 1979 in the amount of $2,470, which provided for three equal monthly installments of $823.33. The note was given for the balance due on the sale of beauty parlor equipment purchased by defendant.
Costanza testified at the January 3, 1980 trial that although he had made demands on the defendant for payments on the note, both by phone and by letter, payments were never received. Although the defendant’s answer to the plaintiff’s petition alleged, among other things, lack of consideration and lesion beyond moiety, Sciortina was not represented by counsel at the trial and did not make an appearance.
The record reflects that the trial on the merits in the district court had been set for January 8, 1980 at 10 a. m. The reported testimony shows the trial court judge noted it was 8 minutes after 10 a. m. on that date when the proceedings began and that at that time Sciortina’s name was also called in the hallways of the courthouse by the bailiff, with no response.
Defendant argues on appeal that the trial court judge abused his discretion in refusing defendant’s motion to grant a new trial, resulting in a denial of due process of law. He further contends he was involuntarily in the courthouse bathroom at the time his name was called by the bailiff and that as soon thereafter as practicable, in no more than 10 minutes after court had been scheduled to commence, he appeared in the courtroom. He further avers in brief that at this time both the plaintiff and his attorney were still in the courtroom and the judgment had not yet been prepared nor signed. Defendant further argues the plaintiff failed to show at the trial that a valid contract existed between the parties.
We cannot agree. We hold, rather, that the testimony of the plaintiff in combination with the contract of sale and promissory note introduced at trial constituted prima facie proof of defendant’s indebtedness to plaintiff, and the burden of proof then shifted to the defendant to show any defenses, a burden of proof Sciortino did not carry due to his failure to even appear at the trial. Fontenot v. LaFleur, 281 So.2d 868 (La.App. 3d Cir. 1973).
Nor can we agree with the defendant’s contention that he was denied due process of law by the judge’s failure to grant his motion for a new trial.
In the case of Ford v. Williams, 62 So.2d 838 (La.App. 1st Cir. 1953), the court addressed itself to this issue at page 841:
“As to the failure of the lower court to grant a new trial, defendant alleges error because neither defendant nor his counsel were present below, and defendant now claims that he can give positive evidence that defendant did not strike the blow which caused the injuries complained of. As to the absence of defendant and his attorney from the trial below, they have given no valid excuse. Defendant claims that he understood that the matter was about to be compromised and would not be tried. There is nothing in the record to justify such belief. The case was regularly set for trial for February 1st, 1952, and the defendant admits that he was duly notified of such. The case was called an some delay was allowed to give defendant an opportunity to appear. When he and his counsel failed to appear, and petitioner stated that he was ready to proceed, the trial commenced. The absence was due entirely to the neglect of defendant and would not warrant the granting of a new trial.”
*974 That rationale was similarly followed in the case of Duet v. Montagnet, 169 So.2d 561 (La.App. 4th Cir. 1964), where the court considered the issue at page 566:
“ * * * The plaintiff is also to be considered in the matter. She, her witnesses, especially her physician and dentist, as well as her counsel, were present in court and ready to try the case on both occasions. The court on both dates waited in vain for the appearance of defendant and his then attorney. We believe that if a case were to be reopened or a new trial granted every time counsel or a litigant neglected to make appearance in court, it would lead in many, many instances to absurd results. We think it is better in this case to have a seeming injustice done to the defendant rather than to prejudice the rights of plaintiff. If, as appellant claims, his attorney was derelict in the duty of notifying him of the setting of the case for trial, such dereliction must be imputed to appellant, and he must suffer the consequences.”
The court is limited in its review to the record before us. Although Sciortino alleges in his brief that he appeared in the courtroom while the plaintiff and his attorney were still present and before the judgment was signed, and that he was late in appearance due to emergency circumstances, none of these contentions are substantiated by the record itself.
Accordingly the trial court judgment is affirmed.

AFFIRMED.