400 So.2d 1112 (1981)
Hugh Earl DILLARD, Jr.
v.
Robert L. STAMM.
No. 13985.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
*1113 John E. Maher, Jr., New Orleans, for plaintiff-appellant.
Bernard S. Smith, Howard R. Fussell, Covington, for defendant-appellee.
Before ELLIS, COLE and WATKINS, JJ.
ELLIS, Judge:
Plaintiff Hugh Earl Dillard, Jr., brought this suit against Robert L. Stamm to be recognized as the owner of a parcel of immovable property standing in Stamm's name, or alternatively, for $15,000.00 paid on the purchase price of the house and for living expenses of the defendant. To the petition, defendant filed a dilatory exception of lack of a necessary party defendant and peremptory exceptions of prescription and no cause of action. After a hearing, the court overruled the exceptions of no cause of action and of prescription and sustained the dilatory exception, but ordered plaintiff to amend his petition.
Plaintiff then filed his first amended petition, naming St. Tammany Homestead Association, holder of a vendor's lien on the disputed property, as a party defendant, and alleging fraud on the part of both defendants in a number of respects. A dilatory exception of vagueness was filed by St. Tammany, which was sustained, and plaintiff once again amended his petition.
Defendant Stamm answered plaintiff's petition and reconvened for the value of furniture allegedly taken by plaintiff and for money allegedly advanced to him by Stamm. St. Tammany answered the petitions, and filed a reconventional and third party demand against Dillard and Stamm, asking that the promissory note held by it be accelerated, for judgment for the entire amount thereof, and that the mortgaged property be sold to satisfy the said indebtedness.
After issue was joined on these demands, St. Tammany filed a motion for summary judgment on its reconventional and third party demands. After argument, the motion was denied, and plaintiff was ordered to amend his petition once again, to recognize the vendor's lien and mortgage held by St. Tammany. After this third supplemental petition was filed, issue was joined as to all matters, and the case set for trial on May 6, 1980.
When the case was called for trial, the judge made the following statement:

*1114 "Gentlemen, the plaintiff and his Counsel are not present in Court, I will point out for the Record that at approximately nine ten this morning, I received a telephone call from John Maher, Jr. in which he advised me that he was sick and that he would not be here. He did not advise me as to the nature of his ailment and he did not sound impaired in any way. What is the pleasure of the Defendant in this case?"
Counsel for defendant Stamm asked the court to dismiss the suit and all incidental demands, orally re-urged the exception of no cause of action, and requested an immediate ruling. Counsel for St. Tammany reasserted its third party demand.
The court then ruled that the various petitions did not state a cause of action, and proceeded to deny plaintiff's oral motion for a continuance, dismiss plaintiff's suit with prejudice, and dismiss the reconventional and third party demands with prejudice. Judgment was signed accordingly, and plaintiff has appealed. No appeal was taken by St. Tammany, so the judgment is final as to its reconventional and third party demands.
In this court, plaintiff alleges that it had a peremptory ground for a continuance, or that, alternatively, the court abused its discretion in not granting a continuance. It is further claimed that the court erred in sustaining the exception of no cause of action and the motion to dismiss.
Article 1601 of the Code of Civil Procedure provides that a continuance "may be granted in any case if there is good ground therefor." No peremptory grounds for a continuance are present in this case. Article 1602, Code of Civil Procedure. The trial court is vested with considerable discretion in ruling on a request for a continuance, and his ruling will not be disturbed in the absence of an abuse of his discretion. Sauce v. Bussell, 298 So.2d 832 (La.1974).
Illness of principal counsel in a case has been held to be a good ground for a continuance. However, the unsupported allegation of counsel's illness does not entitle the mover to a continuance. Lambert v. Bunge Corporation, 169 So.2d 207 (La.App. 4th Cir. 1964); Matthews v. Matthews, 220 So.2d 246 (La.App. 3rd Cir. 1969).
In this case, counsel for plaintiff called the trial judge for the first time on the morning the case was set for trial, and asked for a continuance on the ground of his illness, without specifying the nature thereof. He alleges in brief that he was ill from May 3 through May 7, 1980. The trial judge ruled from the bench on May 6, 1980, but the judgment was not signed until May 27, 1980. During that time, and during the time allotted for applying for a new trial, plaintiff's counsel made no effort, either by production of a medical certificate or by applying for a new trial, to prove the nature and seriousness of his illness.
Under those circumstances, we do not find any abuse of the discretion of the trial judge in refusing to grant a continuance.
In ruling on the case, the trial judge sustained an exception of no cause of action which had been previously overruled by another judge. However, in so doing, he considered only the aspects of the case relative to the title to the property and the allegations of fraud contained in the petition. The alternative demand, for the return of funds allegedly advanced for the purchase price of the property and for living expenses, clearly states a cause of action. If the allegations of the petition set forth a cause of action as to any part of the demands, the exception must be overruled. Haskins v. Clary, 346 So.2d 193 (La.1977). The exception of no cause of action in this case should not have been sustained.
The trial judge also sustained defendant's oral motion to dismiss. Article 1672 of the Code of Civil Procedure provides:
"A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice."
The trial judge has wide discretion in determining whether the dismissal of a suit under these circumstances shall be with or *1115 without prejudice. We cannot tell, from the record, if the dismissal with prejudice in this case was based on the maintaining of the exception of no cause of action or on the motion to dismiss for failure to appear.
However, our examination of the record leads us to believe that the dismissal, if based on failure to appear, should have been without prejudice. This suit was filed on May 22, 1978. Hearings were held in September and November, 1978, on exceptions, and in April, 1979, on a motion for summary judgment. Plaintiff amended his petition three times and a number of incidental demands were filed. The case was fixed for trial on only one occasion, and plaintiff, albeit without effect, moved for a continuance prior to his failure to appear, thereby demonstrating his intention not to abandon the action. Under those circumstances, although we find no abuse of discretion in granting the dismissal, we are of the opinion that it should have been granted without prejudice.
The judgment appealed from is therefore amended so as to provide that the dismissal be without prejudice, and, as amended, it is affirmed. The parties shall share the costs of this appeal equally. Plaintiff shall pay all costs in the court below.
AMENDED AND AFFIRMED.