BOUTALL, Judge.
The defendant, Irwin R. Sanders, appeals a judgment in the amount of $2,649.00 plus costs rendered against him in his absence and the denial of his motion for new trial. *1330 We affirm, finding that the trial judge did not abuse his discretion under the facts of this case.
FACTS
In 1976, appellant, an attorney, had some remodeling work on his law office done by plaintiff company, totalling approximately $8,000.00.
Appellant paid $5,500.00 of the amount ■ he owed, but withheld the remainder because of alleged uncorrected defects in plaintiffs work. He alleges that the plate glass installed by plaintiffs was not water tight, and that other work done by plaintiff on the building was defective, allowing rain to seep in. Plaintiff, after repeated attempts, over a period of 3 years, did not correct the alleged problems to appellant’s satisfaction, and he continued to refuse to pay the balance of the bill. Plaintiff-appel-lee finally filed suit against defendant for the balance of the bill in 1979. The trial was continued, at defendant’s request, twice before it finally took place.
During the eventual pre-trial conference the trial judge suggested that a “glass expert” be appointed. The parties agreed on a person, and the expert went out and examined appellant’s building. The report was not at all favorable to appellant. It suggests that the building leaks because of structural defects in the brick masonry and the roof; defects which plaintiff company had nothing to do with. Incidentally we attach no importance to appellant’s complaint that the expert’s report was sent to plaintiff’s attorney instead of the trial judge. Appellant argues that this indicates a lack of impartiality on the expert’s part and that the expert was not appointed by the court. We think it indicates a simple misunderstanding by the expert. The record shows (and defendant concedes) that the expert was appointed by the court upon the agreement of the parties.
On August 23, 1982, 15 days before the trial date of September 7, defendant objected to the filing of the expert report, and had the matter set for contradictory hearing. The motion was set to be heard on September 23,1982, in other words, 3 weeks after the trial date.
It is appellant’s position that after a phone conversation with an unnamed female deputy clerk, he was under the impression that the trial date was continued until after the exception was to be heard. However, the record indicates otherwise, as we will point out below.
On the morning of the trial defendant was seen by both the trial judge and plaintiff’s attorney at the opening of court ceremony. When defendant did not show up in court, the trial judge sent plaintiff’s attorney out to look for him. Defendant could not be located. The case was put on in defendant’s absence, and judgment was awarded to plaintiffs in the amount of $2,649.00 plus costs.
ISSUES ON APPEAL
The sole issue which appellant presents for our review is whether the trial court abused its discretion in refusing to grant him a new trial. Appellant does not raise the issue of the merits of the ease, nor the sufficiency of the evidence on which the judgment was granted.
NEW TRIAL
Article 1973 of the Louisiana Code of Civil Procedure governs the granting of a new trial. It provides:
Art. 1973. Discretionary grounds
A new trial may be granted in any case if there is a good ground therefor, except as otherwise provided by law.
The standard of review which we must employ in resolving the issue on appeal is whether the trial court abused its discretion in refusing to grant a new trial. Costanza v. Sciortino, 391 So.2d 972 (La.App. 4th Cir.1980). Any such determination by this court turns largely on the facts of each case.
Considering the following facts which we will enumerate, we find that it was not an abuse of discretion for the trial judge to deny appellant’s motion for a new trial.
*1331 Firstly, the record indicates that defendant-appellant was personally served on July 26, 1982 with notice of the trial date of September 7, 1982.
Secondly, defendant’s assumption that the trial date was continued because his objection had been set for hearing later in September, coupled with his attempt to verify the continuance by phoning the Clerk of Court’s office rather than the judge or his minute clerk, strike us as rather haphazard practices for an attorney to employ.
Furthermore, the transcript of the trial contains a discussion between plaintiff’s attorney and the trial judge wherein both state that they saw appellant at the opening of court ceremony on the morning of September 7, 1982, the date of trial. The fact that appellant did not approach the judge or plaintiff’s attorney at this time to verify the continuance is remarkable.
Finally, and most damaging to appellant’s case is the following statement by plaintiff’s attorney to the trial judge on the morning of trial:
MR. WARD:
You know, he knows the trial is today. He called me Friday and asked me if I would go along with a continuance since, it was the day after Labor Day. And I told him no, that I had my subpoenas out. And the matter has already been continued about three (3) or four (4) times. I filed this petition in 1979.
The circumstances which we have enumerated above demonstrate at the least a certain negligence on appellant’s part. Therefore he cannot now be heard to complain that the trial was conducted and judgment rendered against him in his absence, nor that the undoubtedly exasperated trial judge denied his motion for new trial.
For the foregoing reasons the judgment appealed from is affirmed. Costs of the appeal are to be borne by appellant.
AFFIRMED.