SHORTESS, Judge.
Jeannie Ellen Pittman, wife of and Joseph Dale Bordelon (plaintiffs) filed suit on December 14, 1981, against Louis G. Mira-mon, Jr. (defendant). Plaintiffs’ petition was styled “Petition for Damages for Breach of Contract and/or Negligence.” Issue was joined on February 19, 1982, when defendant filed his answer. Thereafter, on motion of plaintiffs, the case was set for trial on December 7, 1982. On November 9, 1982, pursuant to plaintiffs’ motion, the December 7 trial date was continued. Thereafter, the matter was rest for trial on January 17, 1983. In the meantime, defendant noticed the deposition of Joseph Dale Bordelon for December 14, 1982.[1] On December 16, 1982, plaintiffs filed a motion to continue the January 17 trial date. That motion was denied by the trial court. Whereupon, defendant filed a motion to continue the January 17 trial date which was granted, and shortly thereafter the case was reassigned for trial for March 21, 1983. On March 3, 1983, defendant filed a motion to continue the March 21 trial date which was granted, and the case was reassigned for April 18, 1983. On April 5, 1983, plaintiffs filed a motion to continue the April 18 trial date, which was granted by the court. Thereafter, the matter was reset for trial for September 8, 1983.
The record indicates that on September 8, 1983, the case was called; that plaintiffs failed to respond; that defendant was present and moved pursuant to LSA-C.C.P. art. 1672 for a dismissal, preferably with prejudice. The trial court granted the motion and stated:
The Court will grant the motion and order that the plaintiffs’ petition be dismissed with prejudice by virtue of the fact that plaintiff has been advised of the trial date through counsel and neither counsel nor plaintiff appeared. All costs *1214 will be assessed to the plaintiffs and a judgment dismissing plaintiffs’ petition with prejudice will be signed when submitted.
Thereafter, on September 14, 1983, plaintiffs filed a motion for a new trial, alleging that neither plaintiffs nor counsel received notice of the September 8, 1983 trial date. The trial court denied said motion without a hearing on September 19, 1983, and stated that the “record clearly reflects that plaintiffs’ counsel was given notice of the trial date.”
We have found in the record a copy of the Clerk of Court’s letter dated June 3, 1983, addressed to counsel for plaintiff and counsel for the defendant which advised both that the case had been assigned for trial for September 8, 1983, at 9:30 a.m.
Plaintiffs have appealed to this court and seek a reversal of the order which dismissed their suit with prejudice.
TRIAL NOTICE
The primary issue on appeal is whether there was any evidence to support the court’s finding that plaintiffs had received notice of trial. Plaintiffs cite LSA-C.C.P. art. 1572 to us. The provisions of that article require the Clerk of Court to send notice of the trial date by certified mail whenever a written request therefor is filed in the record. Plaintiffs made no written request in this case, so article 1571 of the Code of Civil Procedure is applicable, which only requires adequate notice of trial to all parties. The record does reflect as found by the trial court that notice of trial date was sent to plaintiffs.
Accordingly, the trial court was not clearly wrong in finding that the notice was sent to plaintiffs’ counsel.
DISMISSAL OF SUIT WITH PREJUDICE
LSA-C.C.P. art. 1672 A provides:
A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.
When plaintiffs failed to appear, defendant moved for dismissal of the action. Article 1672 A provides that the action shall be dismissed under such circumstances. However, it does provide that whether the dismissal is with or without prejudice will be determined by the judge. In this case, the trial court in its discretion felt that it should be with prejudice. The bare record does not show that any abuse of discretion was involved in this case. Contrary to plaintiffs’ argument in brief that they had vigorously prosecuted this case, the record indicates that after suit was filed, the only action taken by plaintiffs was filing motions seeking continuances. Plaintiffs cite Dillard v. Stamm, 400 So.2d 1112 (La.App. 1st Cir.1981). However, the facts in Dillard offer no comfort. Therein, we held that under the provisions of LSA-C.C.P. art. 1672, the court had no discretion but to dismiss for counsel’s failure to appear, but we felt that the dismissal should have been without prejudice. In that case, counsel at least called the court the morning before the trial was to commence to report that he was ill.
CONCLUSION
For the reasons above stated, we find no abuse of discretion nor manifest error by the trial court. Its order dismissing this suit with prejudice is affirmed at plaintiffs’ costs.
AFFIRMED.

. In brief, defendant states that the deposition was taken.