569 So.2d 1020 (1990)
Joyce Marie Steckler BILLEAUD, et al., Plaintiffs-Appellants,
v.
ASSOCIATION OF RETARDED CITIZENS OF EVANGELINE, et al., Defendants-Appellees.
No. 89-403.
Court of Appeal of Louisiana, Third Circuit.
October 26, 1990.
*1021 Gilbert Aucoin, Ville Platte, for plaintiffs-appellants.
Donald Soileau, Mamou, Leo J. Bergeron, Baton Rouge, Gary Ortego, Ville Platte, for defendants-appellees.
Before DOUCET, YELVERTON and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether the trial judge was correct in granting Exceptions of No Right of Action and Exceptions of No Cause of Action filed by the defendants, granting defendants' Motion for Partial Summary Judgment, denying plaintiff's Motion for Summary Judgment, and dismissing plaintiff's suit, and whether damages for a frivolous appeal and sanctions against an attorney should be granted.
The Association of Retarded Citizens of Evangeline, Inc. (hereinafter ARC) planned to establish a community home in Ville Platte, Louisiana for six mentally retarded adult males which would allow its occupants the opportunity to live in a normal, non-institutional setting. ARC and Medical Services Corporation (hereinafter MSC) entered into a contract by which MSC would manage the community home for ARC. ARC and MSC then entered into a written lease agreement (hereinafter the lease) with John Neil Morein (hereinafter Morein) to lease his property on West Magnolia Street in Ville Platte, Louisiana for its use *1022 as the community home. Joyce Marie Steckler Billeaud (hereinafter plaintiff), a resident and domiciliary of Evangeline Parish, Louisiana (the Parish in which Ville Platte is located), filed suit against ARC, MSC, and Morein, seeking to enjoin the establishment of the community home. Morein, ARC, and MSC all filed Exceptions of No Right of Action and Exceptions of No Cause of Action. All defendants filed a Motion for Partial Summary Judgment. Plaintiff filed a Motion for Summary Judgment. After a hearing on all exceptions and motions, the trial court granted all of defendants' Exceptions and their Motion for Summary Judgment, denied plaintiff's Motion for Summary Judgment, and dismissed the suit. Separate written formal judgments were signed, all on the same day, in connection with each exception and motion. Plaintiff timely suspensively appealed each of the judgments. Defendants filed an Answer to the appeal seeking damages for a frivolous appeal and sanctions. We affirm, grant damages for frivolous appeal, find that sanctions should be imposed, and remand for further proceedings to determine what sanctions should be imposed.

FACTS
ARC was incorporated as a Louisiana non-profit corporation by filing its Articles of Incorporation with the Louisiana Secretary of State on August 25, 1987. The Louisiana Secretary of State issued a Certificate of Incorporation on August 27, 1987 showing that ARC was duly incorporated under Louisiana law and had commenced its corporate existence on that date. ARC did not file a certified copy of its Articles of Incorporation and Certificate of Incorporation in Evangeline Parish, Louisiana until December 15, 1988. ARC and MSC entered into a management contract by which MSC would operate the community home for ARC. ARC and MSC signed a written lease agreement with Morein on August 16, 1988 by which ARC and MSC contracted to rent Morein's property on West Magnolia Street in Ville Platte for its use as a community home for mentally retarded adult males. On January 20, 1989, ARC and MSC received a Notification of Approval stating that their proposal to establish a community home on West Magnolia Street in Ville Platte for six mentally retarded adult males has been approved by the Facility Need Review Program of the State of Louisiana, Department of Health and Hospitals.
On January 23, 1989, plaintiff filed suit against ARC, MSC, and Morein seeking to enjoin the establishment of the community home. ARC, MSC, and Morein filed various Exceptions and a Motion for Partial Summary Judgment, and plaintiff filed a Motion for Summary Judgment. At the hearing, the parties stipulated that Ville Platte had no zoning ordinance and that the property to be leased had no deed restrictions prohibiting its use as a community home. After the hearing, the trial court granted all of defendants' Exceptions and their Motion for Partial Summary Judgment, denied plaintiff's Motion for Summary Judgment, and dismissed plaintiff's suit. The trial court found no basis for any of plaintiff's alleged causes of action and rejected each of them by granting defendants' Exceptions and Motion For Summary Judgment. Plaintiff appeals urging that the trial court erred in its action.
Plaintiff argues that ARC violated La.R.S. 12:205(D) and La.R.S. 12:206, which rendered it powerless to act in its corporate capacity and unable to contract with MSC and Morein. ARC, MSC, and Morein each filed an Exception of No Right of Action and a Motion For Partial Summary Judgment, all of which urged that plaintiff had no right of action against them and that there was no genuine issue of material fact or questions of law concerning the corporate existence of ARC. Plaintiff filed a Motion for Summary Judgment seeking to have the Court rule that ARC lacked corporate capacity when it executed the lease.
Plaintiff argues that ARC did not file a copy of its Articles of Incorporation and *1023 Certificate of Incorporation in Evangeline Parish within thirty days after having received its Certificate of Incorporation from the Louisiana Secretary of State. Plaintiff contends that ARC violated La.R.S. 12:205(D) which states:
"D. A multiple original of the articles, or a copy certified by the Secretary of State, with a copy of the certificate of incorporation, shall within thirty days after filing of the articles with the Secretary of State, be filed for record in the office of the recorder of mortgages of the parish in which the registered office of the corporation is located."
Plaintiff alleges that because ARC did not timely file these corporate documents in the Records of Evangeline Parish, it violated La.R.S. 12:206, which states:
"The filing and recording of articles and other documents pursuant to this Chapter are required for the purpose of affording all persons the opportunity of acquiring knowledge of the contents thereof, but no person dealing with a corporation shall be charged with constructive notice of the contents of the articles or such other documents by reason of the filing or recording."
Plaintiff argues that, because ARC did not comply with these two statutes, it was powerless to act as a corporation and enter into the contract with MSC and the lease with Morein. We find that plaintiff has overlooked La.R.S. 12:205(C) which states:
"C. Upon the issuance of the certificate of incorporation, the corporation shall be duly incorporated, and the corporate existence shall begin, as of the time when the articles were filed with the secretary of state, except that, if the articles were so filed within five days, exclusive of legal holidays, after acknowledgment thereof or execution thereof as an authentic act, the corporation shall be duly incorporated, and the corporate existence shall begin, as of the time of such acknowledgment or execution."
The clear language of this statute acknowledges that corporate existence begins when the articles of incorporation are filed with the Louisiana Secretary of State and a certificate of incorporation is issued. ARC filed its Articles of Incorporation with the Louisiana Secretary of State on August 25, 1987 and a Certificate of Incorporation was issued by the Louisiana Secretary of State to ARC on August 25, 1987. ARC and MSC entered into a management contract for the community home before application was made for State approval to operate the community home. ARC signed the lease agreement for the community home with Morein on December 15, 1988. Clearly, ARC was a Louisiana corporation, duly incorporated and empowered to act when it signed the contract with MSC and the lease with Morein. The First Circuit, Louisiana Court of Appeal has stated that corporate existence is conclusively proved by the certificate of incorporation issued by the Secretary of State and has held that when there appears in the record such certification of corporate existence, under the unambiguous provisions of La.R.S. 12:205(C), the corporate existence may not be collaterally attacked. Haynes v. LTA, 381 So.2d 849 (La.App. 1 Cir.1980), writ den., 384 So.2d 800 (La.1980).
ARC filed into evidence at the hearing on the Exceptions and Motion for Summary Judgment a copy of its Certificate of Incorporation. Therefore, we find that the trial court was correct in granting defendants' Motion for Partial Summary Judgment, in granting defendants' Exceptions of No Right of Action, and in denying plaintiffs' Motion for Summary Judgment, all of which concern the issue of ARC not having corporate capacity because of its not timely filing certified copies of its Articles of Incorporation and Certificate of Incorporation in the Records of Evangeline Parish, Louisiana.
Plaintiff also alleged that the site or location of the community home, the residential living options, the mental retardation and development disabilities services, *1024 and the number of square feet per room in the West Magnolia Street property did not conform to applicable laws and regulations for a community home. Plaintiff also alleged that the proposed location of the community home on West Magnolia Street was very near a day care center and that the proximity posed a danger to the children who attend the center. ARC, MSC, and Morein all filed Exceptions of No Cause of Action as to these allegations. At the hearing, evidence was taken, without objection of plaintiff, and Jean DeJean, the Regional Services Administrator of Community Services for the Mentally Retarded for the Office of the Louisiana Department of Mental Retardation and Developmental Disability of Health and Human Resources, testified that the proposed community home and its proposed services, as well as the property on West Magnolia Street were approved by the State for use as a community home, and that, if there had been violation of applicable laws and regulations or some discrepancy as to the location or propriety of the proposed community home or its services, or as to the the amount of square footage, the proposal of ARC and MSC for the community home would have been denied by the State. At the hearing, Gervis Lafleur, the Director of the nearby day care center, testified that he knew of no complaints lodged about the proximity of the home to the day care center and that he did not think there was any danger posed to the children who attend the center. The trial court found that plaintiff had no cause of action to challenge the defendants' alleged failure to comply with applicable laws and regulations and we do not find that the trial court was manifestly in error or clearly wrong in this finding. The State is the proper party to compel compliance. See, e.g. La.R.S. 28:382(A) and 28:426. Therefore, we affirm the trial court judgment granting defendants' Exceptions of No Cause of Action.
Plaintiff also alleged that Morein's daughter is one of the Directors of ARC and that this is a conflict of interest because ARC will be leasing property from Morein. ARC, MSC, and Morein each filed an Exception of No Cause of Action as to this allegation. La.R.S. 12:228 prohibits a contract between a nonprofit corporation and a member of its Board of Directors or a legal entity in which a Director has a financial interest. This is not the factual situation in this matter. Morein's daughter is not even a party to the contract or the lease between ARC, MSC, and Morein and there is no proof she has a financial interest in ARC or MSC. Plaintiff's allegations that there is a conflict of interest between ARC, MSC, and Morein do not establish that plaintiff has a cause of action against ARC, MSC, or Morein. For this reason the trial court judgments granting defendants' Exceptions of No Cause of Action are affirmed.
Finally, Morein filed an Exception of No Cause of Action to the suit for an injunction against him to enjoin him from establishing and operating the community home. The evidence clearly showed that he would neither be establishing nor operating the community home. For this reason, the trial court did not err in sustaining Morein's Exception of No Cause of Action as to plaintiff's suit against him.
Defendants-appellees have answered the appeal seeking damages for frivolous appeal and also sanctions, in accordance with La.C.C.P. Art. 863, against plaintiff-appellant's attorney. Under La.C. C.P. Art. 2164, we have the authority to award damages for a frivolous appeal when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant's counsel does not seriously believe in the position he advocates. Louisiana Home Builders v. Fontenot, 546 So.2d 325 (La.App. 3 Cir.1989), and cases cited therein. An appeal from a judgment relating to a preliminary injunction may be taken of right but may only be suspended if the trial court in its discretion so orders. La.C.C.P. Art. 3612. Plaintiff-appellant moved for and was granted a suspensive appeal by the trial court in this matter. However, plaintiff-appellant did not have a preliminary injunction issued against her, such that it would be understandable that she might desire to suspensively appeal, *1025 and plaintiff-appellant failed in her attempt to have the trial court issue a preliminary injunction against defendants. Plaintiff-appellant only suspensively appealed from her failure to obtain the judgment for the relief which she sought and we find that her suspensive appeal under this circumstance was solely for the purpose of delay. In this case, after a full review of the record, briefs, and after hearing oral argument, we do not find a serious legal question and we cannot say that plaintiff-appellant's counsel seriously believed in the merits of his client's cause when filing this appeal because he has not presented a serious legal argument in support of his client's position. We therefore find plaintiff-appellant's appeal frivolous and award damages to each defendant-appellee in the sum of $750.00. For these same reasons, we find that sanctions should be imposed against plaintiff-appellant's attorney, for violation of La.C.C.P. Art. 863(B), and we will remand this matter to the trial court to determine what sanctions to impose after a hearing to be held by the trial court in accordance with La.C.C.P. Art. 863(E).
For the foregoing reasons, the judgments of the trial court and the dismissal of plaintiff's suit are affirmed. It is further ordered that judgment be rendered in favor of each defendant-appellee and against plaintiff-appellant in the sum of $750.00 to each defendant-appellee, together with legal interest thereon from the date of this judgment, until paid, as damages for frivolous appeal. The matter is remanded to the trial court to determine what sanctions, including reasonable expenses and attorney's fees, should be imposed and to cast the attorney for plaintiff-appellant for such sanctions in accordance with law. All costs of this appeal are taxed to plaintiff-appellant.
AFFIRMED AND REMANDED.