CARTER, Judge.
This is an appeal by plaintiff from a judgment in favor of defendant, dismissing plaintiff’s demands, with prejudice, at plaintiff’s cost. Defendant answered the appeal, seeking damages for a frivolous appeal and praying for a rule to show cause why plaintiff and his counsel should not have sanctions imposed against them pursuant to article 863 of the Louisiana Code of Civil Procedure. Defendant alternatively requested a remand for hearing on the imposition of sanctions. Plaintiff filed a pleading labelled “Answer to defendant-appellee, K-Mart Corporation’s answer to appeal.”
ASSIGNMENT OF ERROR
Appellant assigns as error the trial court’s trying of the case without plaintiff “being present, when it should have dismissed the case for non-appearance.” We find no merit in this assignment.
This case began as a suit for damages brought by plaintiff, Scott A. Lewis, III, against defendant, K-Mart, Inc., for $127,-000.00 allegedly owed plaintiff for damages caused by repair work negligently performed by defendant’s mechanics on plaintiff’s Mercedez Benz and Oldsmobile automobiles on certain dates in 1986 and 1987. All material allegations were denied by defendant, and interrogatories were propounded by defendant to plaintiff. The interrogatories were answered by plaintiff’s counsel.
A pre-trial conference was held in due course. The issues were not narrowed significantly. The parties expected the trial to take eight hours. Plaintiff included him *1247 self in a list of persons he expected to call as witnesses.
At the pre-trial conference, the case was assigned for trial on January 18, 1989. The case was re-assigned for trial on June 26,1989. On that date, by joint motion, the trial was continued to April 11, 1990.
When the matter came on for trial on April 11, 1990, counsel for both parties were present. The record reflects that plaintiffs counsel produced no witnesses or other evidence, stating for the record that there were no preliminary matters. Plaintiff’s counsel stated: “... I would like to go ahead though and rest the plaintiff’s case and submit it on the evidence.”
When plaintiff rested his case, counsel for defendant offered into evidence without objection the deposition of Jeffrey Curry, a service technician for Miller-Terrell Imports in Baton Rouge. Mr. Curry was described as living outside the state and beyond the “subpoena power” of the court.
Thereupon, the trial judge rendered and signed a judgment in favor of defendant and against the plaintiff, dismissing plaintiff’s suit with prejudice at his cost.
No reason was stated in the record for plaintiff’s failure to be present and to testify at the trial.[1] Evidence of plaintiff’s counsel’s efforts to contact his client do not appear in the record.[2] According to the record, counsel for plaintiff neither objected to the proceedings going forth in plaintiff’s absence nor requested a continuance.
A trial court is not required, as a general rule, to dismiss proceedings in the absence of a party. See Dunckelman v. T. Baker Smith & Sons, Inc., 447 So.2d 26, 29 (La.App. 1st Cir.1984); Binswanger Glass Co., Division of National Gypsum Co. v. Sanders, 436 So.2d 1329, 1331 (La.App. 5th Cir.1983). Cf. Bordelon v. Miramon, 469 So.2d 1213, 1214 (La.App. 1st Cir.1985). In the absence of an objection, the complaining party must be deemed to have waived his right to complain of the alleged impropriety on appeal. Schoonmaker v. Capital Towing Company, 512 So.2d 480, 486 (La.App. 1st Cir.), writ denied, 514 So.2d 458 (La.1987). We therefore find no error in the action of the trial court.
FRIVOLOUS APPEAL
The record reflects no basis for the plaintiff’s claim for damages against K-Mart Corporation. From the record, plaintiff has no grounds for an appeal. In fact, the merits of plaintiff’s case are not argued on appeal.
Defendant-appellee has answered the appeal seeking damages for frivolous appeal and for the imposition of sanctions in accordance with LSA-C.C.P. art. 863. Alternatively, defendant requests a remand for a hearing on the imposition of sanctions.
Under LSA-C.C.P. art. 2164, we have the authority to award damages for a frivolous appeal when there is no serious legal question, when the appeal is taken solely for delay, or when it is evident that appellant’s counsel does not seriously believe in the position he advocates. Billeaud v. Association of Retarded Citizens of Evangeline, 569 So.2d 1020, 1024 (La.App. 3rd Cir.1990).
Since plaintiff presented no case when the matter was called for trial, we can only conclude that this appeal was taken solely for delay. LSA-C.C.P. art. 2164 provides that the “court may award damages for frivolous appeal.” The record does not show that appellee incurred pecuniary or non-pecuniary damages as a result of this frivolous appeal. However, K-Mart did incur attorney’s fees for protecting its judgment on appeal, and this is an element of damage under the cited codal provision. Shatoska v. International Grain Transfer, Inc., 465 So.2d 32, 39 (La.App. 1st Cir.1984). Counsel has requested an award of $680.00 for attorney’s fees. Under the circumstances, we consider counsel’s request reasonable and will award appellee attorney’s fees of $680.00.
*1248 For the same reasons, we find that sanctions should be imposed against plaintiff-appellant’s attorney for violation of LSA-C.C.P. art. 863 B. We remand this matter to the trial court to determine what sanctions to impose, after a hearing in accordance with LSA-C.C.P. art. 863 E;[3] Billeaud v. Association of Retarded Citizens of Evangeline, 569 So.2d at 1025.
DECREE
For the assigned reasons, the judgment of the trial court in favor of defendant, dismissing plaintiffs suit with prejudice at plaintiffs cost, is affirmed. Additionally, we award defendant $680.00 for attorney’s fees incurred in connection with this frivolous appeal, with legal interest thereon from the date of this opinion until paid. Further, we remand the matter to the trial court for hearing on the sanctions in accordance with LSA-C.C.P. art. 863 E. All costs of this appeal are taxed to appellant.
AFFIRMED AND REMANDED.

. The record does not expressly indicate plaintiffs absence.

. In his brief, plaintiffs counsel describes his efforts to contact his client. Affidavits attesting to plaintiffs counsel’s attempts to contact his client are attached to plaintiffs “Answer to Defendant-Appellee, K-Mart Corporation’s Answer to Appeal."

. LSA-C.C.P. art. 863 provides, in pertinent part, as follows:
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provision of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney’s fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.