637 So.2d 749 (1994)
Barbara JASON
v.
Harley M. BROWN and The Home Insurance Company.
No. CA 92 1301.
Court of Appeal of Louisiana, First Circuit.
May 20, 1994.
*750 Michael T. LaPlace, Baton Rouge, for plaintiff-appellant Barbara Jason.
Daniel R. Atkinson, Sr., Baton Rouge, for defendants-appellees/appellants in Answer Harley M. Brown and The Home Ins. Co.
Before CARTER, GONZALES and WHIPPLE, JJ.
WHIPPLE, Judge.
This case is before us on appeal by plaintiff from a judgment of the trial court, maintaining defendant's peremptory exception pleading the objection of prescription and dismissing, with prejudice, plaintiff's suit for damages based on legal malpractice.

FACTS AND PROCEDURAL HISTORY
On June 29, 1988, Barbara Jason retained the services of an attorney, Harley M. Brown (Brown), in connection with an accident which occurred on May 23, 1988. Jason discharged Brown on August 28, 1989. The following day, Jason retained a new attorney, John Bradford Lambremont, Sr., to represent her in connection with the accident of May 23, 1988. Upon his initial review of the file documents presented by Jason, Lambremont recognized that there was a potential prescription problem and informed plaintiff of his concern.
On November 22, 1989, Lambremont filed a petition on behalf of plaintiff against her employer, C.J. Brown Property Management, Inc. (C.J. Brown), for worker's compensation benefits, and damages as a result of an intentional tort. Also named as a defendant in the lawsuit was Bengal Properties, Inc. (Bengal), the alleged owner of the premises where Jason was injured, sued under theories of negligence and strict liability.
In January of 1990, C.J. Brown filed a peremptory exception pleading the objection of prescription, and on March 20, 1990, a judgment was signed, granting the exception *751 and dismissing Jason's tort claim against C.J. Brown. In May of 1990, Jason filed an amending petition, naming DRG Funding Corporation (DRG) in place of Bengal, after discovering that DRG was the actual owner of the premises. DRG responded by filing a peremptory exception pleading the objection of prescription, which was granted by judgment dated October 12, 1990. However, appellant's worker's compensation claim was still viable, and on October 30, 1990, a judgment was signed, approving a settlement of Jason's worker's compensation claim against C.J. Brown.
On October 4, 1991, Jason filed the lawsuit upon which this appeal is based against Harley M. Brown, and his insurer, The Home Insurance Company (Home), seeking damages as a result of Brown's malpractice in allowing her claims to prescribe. Brown and Home filed a peremptory exception pleading the objection of prescription. Following a hearing, judgment was signed, sustaining the exception and dismissing, with prejudice, Jason's suit against her former attorney and his professional liability insurer. From this judgment, Jason appeals.
Brown and Home answered the appeal, seeking damages for frivolous appeal pursuant to LSA-C.C.P. art. 2164, sanctions pursuant to LSA-C.C.P. art. 863, and remand to the trial court for a hearing on the amount to be awarded as Article 863 sanctions.

ISSUES PRESENTED BY JASON'S APPEAL
On appeal, Jason contends that the trial court erred in finding that her cause of action for legal malpractice had prescribed. She contends that as long as her suit was pending against the negligent third party landowner and there was a chance of recovery, she had not been damaged by her former attorney's failure to file a tort suit. She further contends that any proceeding would have been premature if instituted prior to resolution of the claim asserted against the negligent third party landowner, (i.e., prior to the rendition of judgment on October 12, 1990, in the original tort suit, maintaining the exception of prescription).
Citing Braud v. New England Insurance Company, 576 So.2d 466 (La.1991), she argues that because she had not suffered any "appreciable harm" as a result of Brown's failure to file suit until the date the prescription exception was maintained in the original suit, her malpractice suit was timely when filed on October 4, 1991. We disagree.
In the absence of an express warranty of result, a claim for legal malpractice is a delictual action subject to a liberative prescription of one year. LSA-C.C. art. 3492; Braud v. New England Insurance Company, 576 So.2d at 468. Prescription of a delictual action begins to run from the date that the injury or damage is sustained. LSA-C.C. art. 3492; Harvey v. Dixie Graphics, Inc., 593 So.2d 351, 354 (La.1992). The mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm, not yet realized, does not suffice to create a delictual action. Braud, 576 So.2d at 468. Until the client suffers appreciable harm as a consequence of his attorney's negligence, the client cannot establish a cause of action for malpractice. Braud, 576 So.2d at 468. The cause of action arises, however, before the client sustains all, or even the greater part, of the damages occasioned by his attorney's negligence. Braud, 576 So.2d at 468. Any appreciable and actual harm flowing from the attorney's negligent conduct establishes a cause of action upon which the client may sue. Braud, 576 So.2d at 468.
In the case in which a plaintiff is not aware of the damage suffered, or is not aware that the damage suffered is the fault of the defendant, the doctrine of contra non valentum operates to suspend the running of prescription until such time as the plaintiff knew or reasonably should have known that his or her damages were the fault of the defendant's negligent act. Harvey, 593 So.2d at 354. To summarize, for prescription to begin to run under LSA-C.C. art. 3492, it must be shown that plaintiff knew or reasonably should have known that he or she has suffered harm due to a tortious act of the defendant, unless one of the exceptions of the doctrine of contra non valentum applies to delay further the commencement or to suspend *752 the running of prescription. Harvey, 593 So.2d at 354.
In oral reasons for judgment, the trial court stated that "the latest that [plaintiff] knew or should have known that there was some malpractice was when [the trial judge in the original suit] signed [the] judgment... granting the exception of prescription as to C.J. Brown and [defendant, Harley Brown,] was sued much more than a year beyond that point." Thus, according to the trial court, prescription in the instant case began to run on March 20, 1990, when the trial court maintained the exception pleading the objection of prescription, and dismissed, with prejudice, plaintiff's tort claims against the original defendants.
We agree with the trial court that at the latest, prescription on plaintiff's malpractice suit against Brown commenced to run on March 20, 1990. Even before the judgment was rendered granting C.J. Brown's exception, the record establishes that plaintiff was informed by Lambremont that there was a potential problem with her case, specifically with prescription. Plaintiff testified in her deposition that she recalled a conversation she had with Lambremont in January of 1990, wherein he advised her that C.J. Brown had filed an exception, claiming that her tort suit was untimely. Lambremont also testified that he was certain that in March of 1990, he advised Jason that C.J. Brown's exception had been maintained by the trial court and the suit dismissed because it had not been timely filed. Thus, we find no error in the trial court's conclusion that prescription on Jason's claim against her former attorney began to run on March 20, 1990. As the record clearly shows, plaintiff's suit for legal malpractice was instituted on October 4, 1991, over a year later. Accordingly, plaintiff's suit against defendant for legal malpractice is prescribed. This argument is without merit.
Plaintiff also argues that any suit for malpractice against Brown filed prior to the resolution of her claim against any negligent third party landowner would have been premature and would have required her to argue inconsistent positions in two separate suits. We find no merit in this argument.
Louisiana law recognizes that it is sometimes necessary for a party to maintain alternative, inconsistent and even mutually exclusive positions in the course of litigation. See LSA-C.C.P. arts. 892 and 1006. Thus, the mere fact that plaintiff's malpractice claim against Brown would have been inconsistent with her position in the tort suit against C.J. Brown and DRG, did not prevent plaintiff from asserting her claim against Brown during the pendency of the original action. See Harvey, 593 So.2d at 355; Braud, 576 So.2d at 469-470.
This argument is also without merit.

DEFENDANTS' ANSWER TO APPEAL
Defendants-appellees have answered the appeal, requesting that this court award damages for frivolous appeal pursuant to LSA-C.C.P. art. 2164. Defendants-appellees also request, in their amendment to the answer to the appeal, that this court find that there was an improper certification in the filing of the original suit, warranting the imposition of sanctions pursuant to LSA-C.C.P. art. 863. Defendants-appellees request that this court remand the matter to the trial court for a hearing to determine the amount of sanctions to be awarded, citing Lewis v. K-Mart, Inc., 590 So.2d 1246 (La. App. 1st Cir.1991).
In Lewis, this court awarded damages for frivolous appeal after finding that the appeal was taken solely for the purposes of delay. Noting that plaintiff had not appeared at trial and that plaintiff produced no witnesses or other evidence, this court concluded that sanctions should be imposed for violation of LSA-C.C.P. art. 863 and remanded the matter to the trial court for a determination of the sanctions to be imposed, after a hearing in accordance with LSA-C.C.P. art. 863 E. Lewis, 590 So.2d at 1248.
However, subsequent to this court's decision in Lewis, the Louisiana Supreme Court, in Hampton v. Greenfield, 618 So.2d 859, 862 (La.1993), stated:
[T]he ability to impose sanctions under art. 863 is limited to the trial court. Moreover, we believe that the authority to impose art. 863 sanctions is limited to the trial court. *753 The court of appeal's authority to regulate conduct before it is governed by La.Code Civ.P. art. 2164, which provides in pertinent part that "[t]he [appellate] court may award damages for frivolous appeal." By limiting the court of appeal's authority to awarding damages solely for frivolous appeals, art. 2164 places a logical limit on the application of art. 863 to matters before the trial court. Therefore, it was improper for the court of appeal to look beyond the appeal filed in that court. Additionally, it was improper for the court of appeal to award sanctions under La.Code Civ.P. art. 863.
Thus, despite defendants' request in their amended answer to the appeal that this court "hold that there was an improper certification made in the filing of the original suit," we are without authority to make this determination or to award sanctions pursuant to LSA-C.C. art. 863.
Pursuant to LSA-C.C. art. 2164, this court does have the authority to award damages for the filing of a frivolous appeal, and we must determine whether an award of damages is warranted. Damages for frivolous appeal are warranted when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that the appellant's counsel does not seriously believe in the position he advocates. LSA-C.C. art. 2164; Lewis, 590 So.2d at 1247. Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be allowed. Hampton, 618 So.2d at 862. After reviewing the record herein, and appellant's brief and arguments contained therein, we are unable to conclude that the appeal filed herein is unquestionably frivolous. Accordingly, we decline to impose damages under LSA-C.C. art. 2164.

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court, maintaining defendants' peremptory exception, pleading the objection of prescription, and dismissing plaintiff's suit with prejudice, is hereby affirmed. All costs of this appeal are assessed against appellant, Barbara Jason.
AFFIRMED.