IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 18, 2017 Session

## MARK T. THOMAS v. RICHARD J. MYERS ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-004397-15  William B. Acree, Senior Judge**

_____

### No. W2016-02581-COA-R3-CV

_____

This is a legal malpractice case.  Appellees, who are licensed attorneys, represented Appellant in a trademark infringement and consumer protection lawsuit in federal court that resulted in a judgment against Appellant.  On October 21, 2015, more than a year after the federal court judgment, Appellant filed a complaint for misrepresentation and negligence against Appellees.  The trial court interpreted Appellant's claims against Appellees as a legal malpractice action and granted Appellees' motion for summary judgment on the ground that the one-year statute of limitations had expired prior to commencement of the action.  Tenn. Code Ann. § 28-3-104(c)(1).  We affirm the trial court's judgment and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and BRANDON O. GIBSON, JJ., joined.

Duncan E. Ragsdale, William R. Bruce, Memphis, Tennessee, for the appellant, Mark T. Thomas.

Richard Glassman, Lacey Adair Bishop, Lauran G. Stimac, Clinton Crosier, Memphis, Tennessee, for the appellees, Richard J. Myers, and Apperson Crump, PLC.

# OPINION

## I. Background

In March 2012, Richard Myers and the law firm of Apperson Crump, PLC (together, "Appellees") represented Mark Thomas ("Appellant") in a trademark infringement and consumer protection case in federal court ("federal suit"). Mr. Thomas was the defendant in the federal suit, and Fontaine Taylor was the plaintiff; both Mr. Thomas and Ms. Taylor are real estate agents. In the federal suit, Ms. Taylor alleged that Mr. Thomas' real estate sign was nearly identical to hers, infringed on her trademark, and violated the Tennessee Consumer Protection Act ("TCPA"). After a jury trial, the district court entered judgment in favor of Ms. Taylor on April 28, 2014. Ms. Taylor was awarded $36,500.00 in damages under the TCPA, $60,770.00 for Mr. Thomas' violation of the Lanham Act, and an additional $36,500.00 because Mr. Thomas' violation of the TCPA was done knowingly. Ms. Taylor also received a judgment for $237,982.01 in attorney's fees and $9,901.01 in additional costs. In addition, Ms. Taylor was granted a permanent injunction enjoining Mr. Thomas from using the skyline sign. Mr. Thomas appealed to the Sixth Circuit Court of Appeals, which affirmed the district court's award on August 3, 2015.

On October 21, 2015, Mr. Thomas filed a Complaint in the Shelby County Circuit Court ("trial court") against Appellees for misrepresentation and negligence in connection with Appellees' representation in the federal suit. A month later, on November 20, 2015, Mr. Thomas amended his Complaint to add a claim for violation of the TCPA. On January 20, 2016, Mr. Thomas non-suited the negligence claims and proceeded on the misrepresentation and the TCPA claims. Appellees filed their Answer on January 27, 2016.

On July 21, 2016, Appellees filed a Tennessee Rule of Civil Procedure 12.02 motion to dismiss the TCPA claim and a motion for summary judgment on the misrepresentation claims. In the motion for summary judgment, Appellees argued that the Appellant's claims sounded in legal malpractice and that the statute of limitations for legal malpractice had run. Mr. Thomas opposed these motions. The trial court heard the motions on November 2, 2016, and granted Appellees' motions by order of November 9, 2016. Specifically, the trial court: (1) denied Mr. Thomas' motion for partial summary judgment finding that the case sounded in legal malpractice not misrepresentation; (2) granted Appellees' Rule 12.02 motion dismissing the TCPA claim; and (3) granted Appellees' motion for summary judgment on the legal malpractice claim finding that Mr. Thomas' lawsuit was barred by the one year statute of limitations. Mr. Thomas appeals.

## II. Issues

At oral argument, Appellant conceded this is solely a legal malpractice action. Therefore, we perceive that the sole dispositive issue is: Whether the trial court erred in granting summary judgment on the ground that the statute of limitations for Appellant's legal malpractice action had run.

## III. Standard of Review

A trial court's decision to grant a motion for summary judgment presents a question of law. Therefore, our review is de novo with no presumption of correctness afforded to the trial court's determination. ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997). This Court must make a fresh determination that all requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. ***Abshure v. Methodist Healthcare-Memphis Hosps***., 325 S.W.3d 98, 103 (Tenn. 2010). When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. According to the Tennessee General Assembly:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> 1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> 2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101. Furthermore,

> "When a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" at the summary judgment stage "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." ***Matsushita Elec. Indus. Co.,*** [***Ltd. v. Zenith Radio Corp***.], 475 U.S. [574,] 586, 106 S. Ct. 1348 [(1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in

favor of the nonmoving party.

*Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015).

## IV. Analysis

The issue in this case is not whether the one year statute of limitations for legal malpractice is applicable, but rather when the one year statute of limitations began to run, i.e., when the cause of action accrued. Tenn. Code Ann. § 28-3-104(c)(1). In reaching its decision that the statute of limitations had run on the Appellant's legal malpractice claims, the trial court found that:

> The case law is clear in the state of Tennessee. . . . [T]he statute of limitations for a legal malpractice claim begins to run at the latest following the judgment of the trial court upon which the suit is based or in this case, the statute of limitations for a legal malpractice claim ran on April 28, 2015.
>
> ***
>
> The [c]ourt finds that the statute of limitations ran on one year from the [d]istrict [c]ourt judgment, which would have been April the 28th, 2015, and that . . . this case was not timely filed.

In *John Kohl & Co., P.C. v. Dearborn & Ewing*, 977 S.W.2d 528 (Tenn. 1998), the Tennessee Supreme Court instructed:

> The statute of limitations for legal malpractice is one year from the time the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(2).[1] When the cause of action accrues is determined by applying the discovery rule. Under this rule, a cause of action accrues when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant. *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998); *Stanbury v. Bacardi*, 953 S.W.2d 671, 677 (Tenn. 1997).
>
> In legal malpractice cases, the discovery rule is composed of two distinct elements: (1) the plaintiff must suffer legally cognizable damage— an actual injury—as a result of the defendant's wrongful or negligent conduct, and (2) the plaintiff must have known or in the exercise of reasonable diligence should have known that this injury was caused by the

---

[1] The relevant portion of this statute is now found at Tenn. Code Ann. § 28-3-104(c)(1).

defendant's wrongful or negligent conduct. ***Carvell v. Bottoms***, 900 S.W.2d 23, 28-30 (Tenn. 1995). An actual injury occurs when there is the loss of a legal right, remedy or interest, or the imposition of a liability. *See **LaMure v. Peters***, 122 N.M. 367, 924 P.2d 1379, 1382 (1996). An actual injury may also take the form of the plaintiff being forced to take some action or otherwise suffer "some actual inconvenience," such as incurring an expense, as a result of the defendant's negligent or wrongful act. *See **State v. McClellan***, 113 Tenn. 616, 85 S.W. 267, 270 (Tenn. 1905) ("[A negligent act] may not inflict any immediate wrong on an individual, but . . . his right to a remedy . . . will [not] commence until he has suffered some actual inconvenience . . . . [I]t may be stated as an invariable rule that when the injury, however slight, is complete at the time of the act, the statutory period then commences, but, when the act is not legally injurious until certain consequences occur, the time commences to run from the consequential damage . . . ."). However, the injury element is not met if it is contingent upon a third party's actions or amounts to a mere possibility. *See **Caledonia Leasing v. Armstrong, Allen***, 865 S.W.2d 10, 17 (Tenn. App. 1992).

The knowledge component of the discovery rule may be established by evidence of actual or constructive knowledge of the injury. ***Carvell***, 900 S.W.2d at 29. Accordingly, the statute of limitations begins to run when the plaintiff has actual knowledge of the injury as where, for example, the defendant admits to having committed malpractice or the plaintiff is informed by another attorney of the malpractice. Under the theory of constructive knowledge, however, the statute may begin to run at an earlier date-whenever the plaintiff becomes aware or reasonably should have become aware of facts sufficient to put a reasonable person on notice that an injury has been sustained as a result of the defendant's negligent or wrongful conduct. ***Id***. We have stressed, however, that there is no requirement that the plaintiff actually know the specific type of legal claim he or she has, or that the injury constituted a breach of the appropriate legal standard. ***Shadrick***, 963 S.W.2d at 733. Rather, "the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." ***Carvell***, 900 S.W.2d at 29 (quoting ***Roe v. Jefferson***, 875 S.W.2d 653, 657 (Tenn.1994)). "It is knowledge of facts sufficient to put a plaintiff on notice that an injury has been sustained which is crucial." ***Stanbury***, 953 S.W.2d at 678. A plaintiff may not, of course, delay filing suit until all the injurious effects or consequences of the alleged wrong are actually known to the plaintiff. ***Shadrick***, 963 S.W.2d at 733; ***Wyatt v. A-Best Company***, 910 S.W.2d 851, 855 (Tenn. 1995). Allowing suit to be filed once all the injurious effects and consequences are known would

defeat the rationale for the existence of statutes of limitations, which is to avoid the uncertainties and burdens inherent in pursuing and defending stale claims. *Wyatt*, 910 S.W.2d at 855.

*John Kohl & Co., P.C.*, 977 S.W.2d at 532-33.

At oral argument, Appellant argued that there was a genuine issue of fact as to the second element of the discovery rule, i.e., when Appellant knew he suffered an injury as a result of Appellees' conduct in the underlying litigation. For this proposition, Appellant relies on *Wilson v. Mathes*, 15 S.W.3d 865 (Tenn. Ct. App. Oct. 19, 1999) *perm. app. denied* (Tenn. March 6, 2000). In *Wilson*, this Court determined that the actions of the defendant attorney "could cause 'reasonable persons' to disagree as to whether [the plaintiff] knew or should have known that he suffered an injury due to [the attorney's] negligence on the day that the trial court dismissed his cause of action." *Id.* at 872. Because the facts presented in *Wilson* are distinguishable from this case, *Wilson* is not controlling. In *Wilson*, this Court concluded that the facts did not support a finding that the plaintiff "knew he had suffered an injury as a result of [the attorney's] conduct prior to the Court of Appeals affirmation of the trial court's dismissal." *Id.* Here, Mr. Thomas admitted, in his deposition, a portion of which Appellees attached to the motion for summary judgment, that he knew he had been harmed after the district court's judgment of April 28, 2014:

> Q:    . . . Now, let's talk about the day that the judgment was rendered, and let me give you the exact date. There was an order entered on April 28, 2014 that granted Ms. Fontaine Taylor monetary damages . . . . On the same day, April 28, 2014, the judge entered a judgment in accordance with this order on the jury's verdict with the treble damages and everything else. . . . So as of that day or within days thereafter, you were aware that you had lost.

> A:    Yes. This - - yes, Mr. Myers had called me.

> Q:    And you were aware that you had lost, for lack of a better term, big time, a lot of money.

> A:    A great deal of money, yes.

> Q:    And you were aware that the evaluation by Richard Myers was wrong.

> A:    Yes.

> Q:    And you were aware that Richard Myers' deceptions as to what a

- 6 -

great case this was was wrong.

A:     Yes. Yes.

Q:     And you were aware that Richard Myers' negligence and misrepresenting to you what the law was, what the facts could be presented as, and your great position in this lawsuit was wrong.

A:     Yes.

Q:     And you were aware on that day that he was not being truthful about the odds of winning.

A:     Yes.

Q:     And you were aware on the day that whatever risk outline he had given you, be it little, small, or none, was wrong, because the reality was you'd had a judgment rendered against you, so you knew he had misled you and deceived you.

A:     Yes.

By his own testimony, Appellant suffered an actual injury, stemming from the representation in the underlying litigation, when the jury and the district court awarded Ms. Taylor approximately $370,000.00 on April 28, 2014.  The entry of this monetary judgment and the permanent injunction prohibiting the use of the skyline sign clearly put Appellant on notice that he had suffered an injury.  As set out in context above, Appellant admits as much in his deposition.  In **Cherry v. Williams**, 36 S.W.3d 78 (Tenn. Ct. App. 2000), this Court explained:

> In litigation, the most easily identifiable time when rights, interests, and liabilities become fixed is when a court enters judgment. A judgment, after all, is "an adjudication of the rights of the parties in respect to the claim [s] involved." **Ward v. Kenner**, 37 S.W. 707, 709 (Tenn. Ct. App. 1896) (defining judgment). Accordingly, most courts have made the entry of an adverse judgment the starter pistol for the running of the statute of limitations on litigation malpractice. *See* **Laird v. Blacker**, 2 Cal.4th 606, 7 Cal.Rptr.2d, 550, 828 P.2d 691, 696 (1992); **Jason v. Brown**, 637 So.2d 749, 752 (La. Ct. App. 1994); *see also* Tyler T. Ochoa & Andrew Wistrich, *Limitation of Legal Malpractice Actions: Defining Actual Injury and the Problem of Simultaneous Litigation*, 24 Sw. U .L. Rev. 1, 27-29 (1994). It is a court's judgment that decrees the loss of a right or remedy or imposes a legal liability. Thus, when a judgment is entered, a "legally cognizable

injury" occurs.

*Id.* at 84-85.

Nonetheless, Appellant argues that, because his attorneys continued to represent to him that the district court's judgment would be overturned at the appellate level, he did not know he suffered an injury until the Sixth Circuit Court of Appeals affirmed the district court's judgment on August 3, 2015. As this Court explained in **Cherry**:

> A lawyer's rosy characterization of an order adverse to the client does not amount to fraudulent concealment of malpractice. *See **Riddle v. Driebe***, 153 Ga.App. 276, 265 S.E.2d 92, 95 (1980). As long as the client is aware of the fact that the court has ruled against his or her rights or interests, arguably due to the lawyer's mishandling of the case, then it matters not how counsel may try to downplay or "spin" the bad result. At that point the client is aware of the fact of injury. For statute of limitations purposes, that awareness is not negated by the lawyer's assurances that the court rendering the adverse order got the law wrong. Nor does it matter that the lawyer states that he or she believes that an appellate court will reverse the adverse order. As we have previously said, "[W]e do not believe that reliance upon erroneous legal advice can operate to toll the statute of limitations," inasmuch as the discovery rule relating to injury only applies to matters of fact unknown to a prospective plaintiff, not to matters of law. ***Spar Gas, Inc. v. McCune***, 908 S.W.2d 400, 404 (Tenn. Ct. App. 1995).

**Cherry**, 36 S.W.3d at 86. In view of the foregoing authority and Appellant's own testimony, there is no dispute that Appellant's injury stemming from Appellees' representation in the federal case and Appellant's knowledge of that alleged injury, occurred on the day that the district court entered judgment in favor of Ms. Taylor, on April 28, 2014. Because Mr. Thomas did not file his legal malpractice case until October 21, 2015, the trial court correctly held that his claim was time-barred.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Mark Thomas, and his surety, for all of which execution may issue if necessary.

_____

KENNY ARMSTRONG, JUDGE