SPAR GAS, INC., Mary Ann Catron, William Lyle Catron, Oval Hitchcock, Plaintiffs/Appellants,

v.

Malcolm McCUNE, Individually, Maddin, Miller & McCune, formerly known as Gracey, Maddin, Miller & McCune, and Jackie Bellar, Defendants/Appellees.

Court of Appeals of Tennessee, Middle Section, at Nashville.

June 7, 1995.

Permission to Appeal Denied by Supreme Court Oct. 30, 1995.

Bob Lynch, Jr., Nashville, for Plaintiffs/Appellants.

Robert L. Trentham, Mark Tyler Seitz, Trabue, Sturdivant & Dewitt, Nashville, for

Defendant/Appellee Malcolm McCune and Maddin, Miller & McCune.

Thomas I. Carlton, Jr., Cornelius & Collins, Nashville, for Defendant/Appellee Jackie Bellar.

## OPINION

CANTRELL, Judge.

In this suit for legal malpractice, the trial court granted summary judgment to the defendants, because it found that the statute of limitations had expired prior to the filing of the complaint. The plaintiffs argued that the statute had not expired, because their cause of action did not accrue until their damages became irremediable as the result of final action by a federal appeals court. However, we find that damages and other necessary elements to establish the cause of action occurred long before the appeals court rendered its opinion, and we affirm the trial court.

### I.

The underlying case that gave rise to these proceedings was an injunction and damages suit instituted by AP Propane in 1987. The initial complaint was brought in federal court, and named Spar Gas, Inc., and two of its employees as defendants. AP Propane alleged that Spar Gas was guilty of unfair trade practices, and that its employees had violated covenants not to compete that they had signed during previous periods of employment at AP Propane.

Attorneys Malcolm McCune and Jackie Bellar, defendants in the present case, undertook to represent both Spar Gas and its employees. The joint representation of defendants whose interests were at least potentially in conflict furnished the grounds for one of the claims of legal malpractice later presented, but it is the quality of representation that Spar Gas and its principals received in the federal courts that forms the primary basis for this appeal.

When AP Propane filed its complaint, it obtained from the United States District Court for Middle Tennessee a temporary restraining order enjoining Spar Gas from conducting business in the trade areas of

Lebanon and Carthage, Tennessee. The court's order also set a hearing for October 8, 1987, "on the matter of preliminary and final injunction." The current defendants apparently misread the order, and assuming that the hearing only involved the question of preliminary injunction, failed to prepare for a hearing on the merits.

On October 7, 1987, AP Propane amended its complaint to name the shareholders and officers of Spar Gas as individual defendants. Those three individuals, Mary Ann Catron, William Lyle Catron, and Oval Hitchcock, are plaintiffs in the present case. Attorneys McCune and Bellar allegedly failed to take any steps to protect them from personal liability.

After the hearing, Judge L. Clure Morton took the matter under advisement. On December 22, 1987, he made the injunction permanent. AP Propane was not required to post an injunction bond, as the attorneys for Spar Gas did not file a motion for them to do so. The judge set a further hearing on the question of damages.

At a subsequent meeting between the attorneys and their clients, Mr. McCune advised the Catrons and Hitchcock of the contents of Judge Morton's order, and advised them on how to comply with the injunction. The defendants were allegedly subjected to additional damages as a result of following the erroneous advice given on this occasion.

## II.

In the period following Judge Morton's order, the present defendants assured their clients that contrary to the Judge's order, there was no factual basis for a judgment against them, and that the order would ultimately be reversed, either on a motion to alter or amend the judgment, or on appeal to the Sixth Circuit Court of Appeals. On February 25, 1988, Judge Morton denied the Motion to Alter or Amend.

On July 9, 1988, Mrs. Catron and Mr. McCune had a telephone conversation in which, as Mrs. Catron stated in a later affidavit, she "vented my anger at McCune for what I considered his malpractice and incompetence in totally failing to protect my interests."

At a meeting between Mary Ann Catron, Oval Hitchcock, and Malcolm McCune on January 5, 1989, Mr. McCune announced that he planned to withdraw from representing them any longer in the case. McCune did not inform his clients of the one year statute of limitations for filing claims for legal malpractice.

The following day, Mary Ann Catron sent a letter to Malcolm McCune in which she affirmed her willingness to pay all the just legal bills she had accrued but stated that, "[t]his does not include any mishandling on the lawyers' part. This will not include payment for mistakes my lawyers have accepted responsibility for making."

Malcolm McCune and Jackie Bellar subsequently filed a motion to withdraw as counsel. The trial court granted the motion to withdraw on February 15, 1989. Representation was subsequently furnished to the prior defendants by Attorney Richard Braun, and when he withdrew because of illness, Mary Ann Catron represented the defendants pro se.

After a trial on the question of damages, a federal jury returned a verdict on August 8, 1990, and found that AP Propane had been damaged by the actions of Spar Gas, its principals, and its employees in the amount of $32,836. The award was trebled in accordance with the provisions Tenn.Code Ann. § 47–50–109, which permits such a penalty for the wrongful procurement of a breach of contract. The total judgment, including interest and costs, amounted to $123,200. The defendants appealed. On September 30, 1991, the United States Sixth Circuit Court of Appeals affirmed the judgment of the District Court.

## III.

The instant malpractice case was filed on August 4, 1992 in White County, and on motion of the defendants was subsequently transferred for lack of venue to Putnam County. The defendants filed a motion for summary judgment on the ground that the one-year statute of limitations for legal mal-

practice found in Tenn.Code Ann. § 28–3–104 had expired prior to the filing of the complaint. The trial court's order granting the motion stated that:

> "more than one year prior to August 4, 1992 (the date this legal malpractice action was filed), the plaintiffs recognized and/or believed that the defendants had allegedly committed malpractice and further that the plaintiffs had incurred substantial irremediable damages. It is the opinion of the Court, therefore, that the applicable statute of limitations had expired prior to the filing of this lawsuit and that the defendants' motions for summary judgment are well taken and should be granted."

On December 16, 1993, the plaintiffs filed a Motion to Alter or Amend the Judgment and for permission to amend their complaint to include an additional cause of action for legal malpractice. Although the trial court denied the motion to alter its judgment on the previously filed claims, it did permit the plaintiffs to amend their complaint to allege that the defendants violated the standard of care by failing to inform them of the consequences of the running of the statute of limitations at the time they withdrew from representation. The trial court subsequently granted the defendants' Motion to Dismiss the Amended Complaint.

### IV.

The first question this court is called upon to answer is, when did the cause of action for the acts of legal malpractice described in the complaint of August 4, 1992 accrue? The plaintiffs/appellants allege that it accrued on September 30, 1991, when the Sixth Circuit's affirmance of the district court's judgment rendered the plaintiffs' damages irremediable.

The defendants/appellees contend that it accrued earlier, perhaps on June 9, 1988 when Mrs. Catron verbally expressed her belief that the defendants had been guilty of malpractice, or on January 6, 1989 when she confirmed that belief in writing, but in no case later than February 15, 1989, the date on which they withdrew from representation of the plaintiffs.

The appellants rely upon a number of cases, including *Ameraccount Club Inc. v. Hill*, 617 S.W.2d 876 (Tenn.1981), for the proposition that a cause of action for legal malpractice does not accrue until the plaintiff's damages become irremediable, which usually means when a fairly conclusive determination has been made of the plaintiff's rights.

On the other hand, the appellees insist that the relevant legal principle is that enunciated in *Taylor v. Clayton Mobile Homes, Inc.*, 516 S.W.2d 72 (Tenn.1974) and other cases, that a plaintiff cannot be permitted to wait until he know all of the injurious effects or consequences of an actionable wrong before he brings suit on that wrong.

While this opinion was being prepared, the Supreme Court issued an opinion in another case which bears directly on the question under discussion. In *Carvell v. Thomas Bottoms and Paul Plant*, 900 S.W.2d 23 (Tenn. 1995) (filed May 30, 1995), the Court repudiated its previous use of the adjective "irremediable" to qualify the sort of injury that must occur for the statute of limitations to accrue in a legal malpractice case, because it "has caused confusion from its inception and serves no useful purpose." The Court went on to say that "henceforth the term 'legally cognizable injury' or 'actual injury' should be used in this context."

The Supreme Court's decision thus destroys the appellants' argument that their cause of action did not accrue for the compensatory damages awarded to AP Propane until the Sixth Circuit's decision rendered those damages irremediable. However, even without considering the opinion in the *Carvell* case, it is clear that Mrs. Catron and her fellow plaintiffs suffered other damages attributable to the malpractice of the defendants prior to the Sixth Circuit's action.

These included business losses traceable to the operation of the permanent injunction imposed by the District Court, and the cost of hiring another attorney. Thus, the plaintiffs believed that an actionable wrong had occurred, and were aware that they had suffered damages, long before the Sixth Circuit rendered its decision. Under the reasoning found in *Taylor v. Clayton Mobile Homes,*

these facts were sufficient for the trial court to find that the statute of limitations had expired prior to the filing of the complaint.

## V.

In their amended complaint, the plaintiffs advanced a claim based upon an additional act of alleged malpractice by the defendants in failing to inform them of the one year statute of limitations for legal malpractice. If the defendants had a duty to inform the plaintiffs, the breach of that duty would have occurred at the latest on February 15, 1989, when Mr. McCune and Mr. Bellar withdrew from representation of the plaintiffs. Assuming, *arguendo*, that the defendants had such a duty, we will examine the plaintiffs' arguments.

■ The plaintiffs claim that they first discovered the defendants' breach on November 24, 1993, when the Circuit Court of Putnam County dismissed their original complaint because of the expiration of the period of limitations. They thus rely upon the discovery rule to render their complaint timely. The discovery rule tolls the statute of limitations where the injured party has not discovered and would not be reasonably expected to discover, that he has a cause of action. See *Wolfe v. Gilreath,* 699 S.W.2d 805 (Tenn. App.1985).

■ The plaintiffs explain their failure to discover their cause of action by referring it to erroneous advice given by Richard Braun, who took over representation in the underlying case when the defendants withdrew. Mr. Braun did not undertake to represent the plaintiffs in any legal malpractice claim, but in response to a question about the possibility of advancing such a claim, Mr. Braun told Mrs. Catron that she would have to be able to specify the amount of damages "with a reasonable degree of certainty" and that her cause of action would not accrue until her damages became irremediable "through final judgment, verdict, appeal or otherwise."

■ The appellants argue that they could not have been expected to discover that they had a cause of action because they reasonably relied upon advice and information from attorney Braun. However, we do not believe

that reliance upon erroneous legal advice can operate to toll the statute of limitations, the more so in that Mr. Braun subsequently withdrew from representation of the appellants, and Mrs. Catron undertook pro se representation.

■ Further, the appellees correctly point out that the discovery rule only applies to matters of fact that may be unknown to a prospective plaintiff, and not to matters of law. See *Banton v. Marks,* 623 S.W.2d 113, 116 (Tenn.App.1981).

The appellant contends that in the present case the attorney's failure to inform his clients of the applicable statute of limitations is a matter of fact rather than a matter a law, and that the discovery rule may therefore be properly applied to toll the statute. However, we decline to adopt the appellant's ingenious rationale for widening the scope of the discovery rule beyond its previous limits. The discovery rule is a rule of judicial construction that modifies the clear legislative intent to strictly limit the time in which actions may be filed. See *Banton v. Marks,* 623 S.W.2d 113, 115 (Tenn.App.1981). To allow it to be used to extend those limits on the ultimate ground that the plaintiff was unaware of their operation, would nullify their effect and destroy the Legislature's intent.

## VI.

The judgment of the trial court is affirmed. Remand this case to the Circuit Court of Putnam County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

TODD, P.J. (M.S.), and LEWIS, J., concur.