IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 17, 2014 Session

**EDWIN DENNISON, ET AL. v. GLENNA OVERTON**

**Appeal from the Circuit Court for Blount County**
**No. L-17177     David R. Duggan, Judge**

**No. E2013-02290-COA-R3-CV-FILED-AUGUST 25, 2014**

Edwin Dennison, Kaye Dennison, Joel Campbell, and Christine Campbell ("Plaintiffs") sued attorney Glenna Overton ("Defendant") for legal malpractice. Defendant filed a motion for summary judgment alleging that Plaintiffs' claim was barred by the statute of limitations and that Defendant's actions were not the proximate cause of any loss to Plaintiffs. After a hearing, the Circuit Court for Blount County ("the Trial Court") granted Defendant summary judgment after finding and holding, *inter alia*, that Plaintiffs had notice of the alleged negligence and the fact that Plaintiffs had suffered an injury by August of 2009 and, therefore, the suit filed on September 21, 2010 was barred by the applicable one year statute of limitations. Plaintiffs appeal to this Court raising issues regarding whether the Trial Court erred in finding their suit barred by the statute of limitations and whether the Trial Court erred in finding that Plaintiffs could not prove that Defendant's actions were the proximate cause of any loss to Plaintiffs. We find and hold, as did the Trial Court, that Plaintiffs were on notice of the alleged negligence and loss in August of 2009 and that their suit, therefore, was barred by the statute of limitations. We affirm the Trial Court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Jerrold L. Becker, Knoxville, Tennessee, for the appellants, Edwin Dennison, Kaye Dennison, Joel Campbell, and Christine Campbell.

Michael H. Meares and Charles B. Dungan, Jr., Maryville, Tennessee, for the appellee, Glenna Overton.

# OPINION

## Background

Plaintiffs sued Defendant for attorney malpractice alleging, in pertinent part, that Defendant was negligent in her representation of Plaintiffs in a lawsuit involving nuisance. Specifically, in May of 2004, Plaintiffs and Defendant entered into a contract for Defendant to represent Plaintiffs in the matter of Campbell, et al. v. Orr and Tipton ("Campbell I"). A complaint was filed in Campbell I in December of 2004 and was involuntarily dismissed without prejudice in August of 2007 for Plaintiffs' failure to comply with a discovery order. The August 14, 2007 order dismissing Campbell I taxed costs to Plaintiffs.

Defendant filed a motion to set aside the judgment dismissing Campbell I, which was denied. The order denying the motion to set aside the judgment dismissing Campbell I also taxed costs to Plaintiffs.

The saving statute for re-filing Campbell I expired in August of 2008. Plaintiff Edwin Dennison sent Defendant a letter dated August 19, 2009, which stated, in pertinent part:

> We all have been more than patient with you concerning our case. Our case since the middle of 2007 has been going nowhere. All correspondence with you had just about ceased since that time. You missed a court date of which we had no knowledge and didn't learn about for sometime afterwards. You have assured us that our case was ok and all you had to is [sic] submit revised documents to the court for it to be reopened. You informed Joel, that James had signed the documents and that you would be submitting it along with documentation of our most recent flood to the court last week. This was good information but we still have not received any documentation to verify this submission. Now yesterday, August 18, 2009 you had your secretary tell Joel that James was going to sign the documents this weekend but this is the same story each week. The bottom line is that nothing once again was submitted to the court.
>
> We cannot live under these circumstances much longer. For seven years we have be [sic] terrorized by the elements since the developer altered the terrain bringing this hardship to our door step. As I recently told you I am very angry and that we need this case to be over so that we can go on with our lives.

To do this it's imperative that you correspond with us every week and that we get copies of all correspondence concerning our case on a timely basis; that is days not weeks or months later. Chris, Joel, Kaye and I would like a meeting with you within five days of receipt of this letter and confirmation of the meeting by 12 noon on Friday August 21st. Please do not post pone [sic] the meeting the day before or the morning of as you have done with the last two arranged meetings. We want an outlined game plan with dates and copies of all correspondence concerning our case from Dec [sic] 2007 to the present.

Defendant re-filed Plaintiffs' complaint in December of 2009 ("Campbell II"). On March 16, 2010 the defendants in Campbell II were granted summary judgment, *inter alia*, because Plaintiffs' claim was barred by the statute of limitations.

Plaintiffs filed their complaint against Defendant for legal malpractice on September 21, 2010. Defendant filed a motion for summary judgment alleging that Plaintiffs' claim was barred by the statute of limitations and that Defendant's actions were not the proximate cause of any loss to Plaintiffs. After a hearing, the Trial Court entered its judgment on September 13, 2013 finding and holding, *inter alia*:

10. By letter dated August 19, 2009, Plaintiff, Edwin Dennison, wrote a letter to Defendant stating, *inter alia*, the following:

1. "Last week I emailed you asking for a meeting among all of us to discuss our case. In the past you will not answer your phone messages and now you will not acknowledge emails. I have now repeatedly asked for a meeting and you ignore each request leaving me no other alternative but to send this by certified mail."

2. "We all have been more than patient with you concerning our case."

3. "Our case since the middle of 2007 has been going nowhere."

4. "All correspondence with you had just about ceased since that time."

5. "You missed a court date of which we had no knowledge and didn't learn about for sometime afterwards."

6. "You have assured us that our case was ok and all you had to do is submit revised documents to the court for it to be reopened."

7. "Now yesterday, August 18, 2009 you had your secretary tell Joel that James was going to sign the documents this weekend but this is the same story each week."

8. "The bottom line is that nothing once again was submitted to the court."

9. "We cannot live under these circumstances much longer."

10. "As I recently told you I am very angry and that we need this case to be over so that we can go on with our lives."

11. "To do this it's imperative that you correspond with us every week and that we get copies of all correspondence concerning our case on a timely basis; that is days not weeks or months later."

12. "Chris, Joel, Kay and I would like a meeting with you within five days of receipt of this letter and confirmation of the meeting by 12 noon on Friday, August 21st. Please do not post pone [sic] the meeting the day before or the morning of as you have done with the last two arranged meetings." . . .

CONCLUSIONS OF LAW

Defendant has filed a motion for summary judgment alleging that there is no genuine issue of material fact, and that she is entitled to judgment as a matter of law, based upon the fact that Plaintiffs' legal malpractice complaint was not filed until more than one (1) year after any actions complained of, and that accordingly the complaint is barred by the statute of limitations found at Tenn. Code Ann. § 28-3-104(a)(2).

Plaintiffs have asserted the discovery rule and argued that the statute of limitations does not begin to run until the client discovers, or by reasonable diligence should have discovered, the injury, and that due to Defendant's alleged concealment from Plaintiffs of the facts concerning their litigation and alleged misrepresentation to them, that they did not discover Defendant's professional malpractice until a new complaint in the underlying nuisance case was dismissed on March 16, 2010 based upon the saving statute and the statute of repose. Accordingly, they argue that their complaint in this cause of action filed September 21, 2010 was within one year of that dismissal on March 16, 2010. *See Cherry v. Williams*, 36 S.W.3d 78, 85 (Tenn. Ct. App. 2000). *See also Nobes v. Earhart*, 769 S.W.2d 868, 872-73 (Tenn. Ct. App. 1988).

-4-

Indeed, the discovery rule applies to legal malpractice actions. *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998); and *Carvell v. Bottoms*, 900 S.W.2d 23, 28-30 (Tenn. 1995).

In responding to this motion for summary judgment, Plaintiffs have argued (1) that their August 19, 2009 letter to Defendant makes it clear that as of that date, Defendant had represented to Plaintiffs that their case was okay, that all she had to do was to submit new documents to the court, that they were continuing to rely upon her to represent them and to accomplish the filing of new documents, that Defendant was continuing to represent them, and that they had no reason [to] know that anything was wrong with the handling of their case; and (2) Plaintiffs argue that Defendant should not have continued to represent them, and to represent to them that they could obtain relief from the court, as early as August 7, 2007 given that the subdivision development at issue in the original action was completed on August 17,1999, that the date of last loss next preceding the filing of the complaint was August 7, 2003, and that by August 7, 2007, the action was already barred by the statute of repose. Plaintiffs further allege that they could not have known that their cause of action began to accrue at the earlier date because their complaint was dismissed for failure to complete discovery, rather than for failure to file within the statute of repose. They allege, in the present action, that they continue to rely upon Defendant's alleged misrepresentations.

Defendant has responded, in her affidavit, that she filed the complaint believing the alleged nuisance to be a temporary one that would not be barred by the statute of repose.

The Court concludes that its decision in this matter does not turn upon whether the underlying nuisance cause of action was possibly barred as early as August 7, 2007. Regardless of what Plaintiffs understood, or did not understand—and the Court has no doubt that likely they were not knowledgeable of the applicable law, nevertheless it is clear from Plaintiffs' letter to Defendant dated August 19, 2009 that, at least by that date, and regardless of what they knew about the substance of nuisance law, they knew, or in the exercise of reasonable diligence should have known, of Defendant's wrongful or negligent conduct, and that they had suffered injury as a result of that conduct.

The August 19, 2009 letter makes it very clear that Plaintiffs understood that Defendant had not properly represented them. The letter outlines

Defendant's alleged failure to respond to Plaintiffs, ignoring requests for meetings, Plaintiffs being "more than patient with you concerning our case," the fact that their case had been "going nowhere" since the middle of 2007, having no correspondence or communication with Defendant, missing a court date and failing to tell Plaintiffs about that, and other similar matters. The Court concludes that Plaintiffs had discovered, or by reasonable diligence should have discovered, the fact that Defendant had engaged in negligent conduct, that they had suffered injury as a result of that conduct, and that the injury was caused by the negligent conduct certainly no later than August 19, 2009. Accordingly, the Court concludes that Plaintiffs had such knowledge, or should have had such knowledge, more than one (1) year prior to the filing of the present complaint on September 21, 2010, and that, therefore, this cause of action is barred by the applicable one-year statute of limitations.

\* \* \*

This is an unfortunate case, because the Court is persuaded that, in fact, Defendant was negligent in representing Plaintiffs by allowing the original complaint in the underlying case to be dismissed for failure to complete discovery, and for waiting more than sixteen (16) months to file a new complaint. Nevertheless, the Court must follow the law, and for the reasons set forth herein, the Court concludes that Plaintiffs simply did not timely file their legal malpractice action.

WHEREFORE, Plaintiffs' complaint is dismissed, summary judgment is granted to Defendant, and the costs are taxed to Plaintiffs.

Plaintiffs appeal the dismissal of their claim against Defendant to this Court.

**Discussion**

Although not stated exactly as such, Plaintiffs raise two issues on appeal: 1) whether the Trial Court erred in granting summary judgment to Defendant on the basis that Plaintiffs' claim was barred by the statute of limitations; and, 2) whether the Trial Court erred in granting summary judgment to Defendant on the basis that Defendant's conduct was not the proximate cause of any loss to Plaintiffs.[1]

---

[1]Although Plaintiffs phrased their second issue in this manner, the Trial Court did not actually hold that Defendant's conduct was not the proximate cause of any loss to Plaintiffs. Instead, the Trial Court held
(continued...)

-6-

Because this case was filed prior to July 1, 2011, we apply the standard of review as set out by our Supreme Court as follows:

The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).

A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL &*

[1](...continued)

that Plaintiffs' evidence was insufficient to establish that Defendant's actions were the proximate cause of any loss to Plaintiffs.

*Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000).  In making that assessment, this Court must discard all countervailing evidence.  *Byrd*, 847 S.W.2d at 210-11.  Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

We first consider whether the Trial Court erred in granting summary judgment to Defendant on the basis that Plaintiffs' claim was barred by the statute of limitations.   As this Court explained in *Cherry v. Williams*:

Defenses based on a statute of limitations are particularly amenable to summary judgment motions.  Most often the facts material to a statute of limitations defense are not in dispute.  When the facts and the inferences reasonably drawn from the facts are not disputed, the courts themselves can bring to bear the applicable legal principles to determine whether the moving party is entitled to a judgment as a matter of law.

*Cherry v. Williams*, 36 S.W.3d 78, 83 (Tenn. Ct. App. 2000) (citations omitted).

Plaintiffs' suit is one for legal malpractice.  With regard to legal malpractice, our Supreme Court has instructed:

The statute of limitations for legal malpractice is one year from the time the cause of action accrues.  Tenn. Code Ann. § 28-3-104(a)(2).  When the cause of action accrues is determined by applying the discovery rule.  Under this rule, a cause of action accrues when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant.  *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998); *Stanbury v. Bacardi*, 953 S.W.2d 671, 677 (Tenn. 1997).

In legal malpractice cases, the discovery rule is composed of two distinct elements: (1) the plaintiff must suffer legally cognizable damage - an actual injury - as a result of the defendant's wrongful or negligent conduct, and (2) the plaintiff must have known or in the exercise of reasonable diligence should have known that this injury was caused by the defendant's wrongful or negligent conduct.  *Carvell v. Bottoms*, 900 S.W.2d 23, 28-30 (Tenn. 1995).  An actual injury occurs when there is the loss of a legal right, remedy or interest, or the imposition of a liability.  *See LaMure v. Peters*, 122 N.M. 367, 924 P.2d 1379, 1382 (1996).  An actual injury may also take the form of the

plaintiff being forced to take some action or otherwise suffer "some actual inconvenience," such as incurring an expense, as a result of the defendant's negligent or wrongful act. *See State v. McClellan*, 113 Tenn. 616, 85 S.W. 267, 270 (Tenn. 1905)("[A negligent act] may not inflict any immediate wrong on an individual, but . . . his right to a remedy . . . will [not] commence until he has suffered some actual inconvenience. . . . [I]t may be stated as an invariable rule that when the injury, however slight, is complete at the time of the act, the statutory period then commences, but, when the act is not legally injurious until certain consequences occur, the time commences to run from the consequential damage. . . ."). However, the injury element is not met if it is contingent upon a third party's actions or amounts to a mere possibility. *See Caledonia Leasing v. Armstrong, Allen*, 865 S.W.2d 10, 17 (Tenn. App. 1992).

The knowledge component of the discovery rule may be established by evidence of actual or constructive knowledge of the injury. *Carvell*, 900 S.W.2d at 29. Accordingly, the statute of limitations begins to run when the plaintiff has actual knowledge of the injury as where, for example, the defendant admits to having committed malpractice or the plaintiff is informed by another attorney of the malpractice. Under the theory of constructive knowledge, however, the statute may begin to run at an earlier date - whenever the plaintiff becomes aware or reasonably should have become aware of facts sufficient to put a reasonable person on notice that an injury has been sustained as a result of the defendant's negligent or wrongful conduct. *Id.* We have stressed, however, that there is no requirement that the plaintiff actually know the specific type of legal claim he or she has, or that the injury constituted a breach of the appropriate legal standard. *Shadrick*, 963 S.W.2d at 733. Rather, "the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." *Carvell*, 900 S.W.2d at 29 (*quoting Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn. 1994)). "It is knowledge of facts sufficient to put a plaintiff on notice that an injury has been sustained which is crucial." *Stanbury*, 953 S.W.2d at 678. A plaintiff may not, of course, delay filing suit until all the injurious effects or consequences of the alleged wrong are actually known to the plaintiff. *Shadrick*, 963 S.W.2d at 733; *Wyatt v. A-Best Company*, 910 S.W.2d 851, 855 (Tenn. 1995). Allowing suit to be filed once all the injurious effects and consequences are known would defeat the rationale for the existence of statutes of limitations, which is to avoid the uncertainties and burdens inherent in pursuing and defending stale claims. *Wyatt*, 910 S.W.2d at 855.

*John Kohl & Co., P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532-33 (Tenn. 1998).

In their brief on appeal, Plaintiffs quote *Cherry v. Williams* wherein this Court stated:

> In litigation, the most easily identifiable time when rights, interests, and liabilities become fixed is when a court enters judgment. A judgment, after all, is "an adjudication of the rights of the parties in respect to the claim[s] involved." *Ward v. Kenner*, 37 S.W. 707, 709 (Tenn. Ch. App. 1896) (defining judgment). Accordingly, most courts have made the entry of an adverse judgment the starter pistol for the running of the statute of limitations on litigation malpractice. *See Laird v. Blacker*, 2 Cal. 4th 606, 7 Cal. Rptr. 2d, 550, 828 P.2d 691, 696 (1992); *Jason v. Brown*, 637 So.2d 749, 752 (La. Ct. App. 1994); *see also* Tyler T. Ochoa & Andrew Wistrich, *Limitation of Legal Malpractice Actions: Defining Actual Injury and the Problem of Simultaneous Litigation*, 24 Sw. U. L. Rev. 1, 27-29 (1994). It is a court's judgment that decrees the loss of a right or remedy or imposes a legal liability. Thus, when a judgment is entered, a "legally cognizable injury" occurs.

*Cherry*, 36 S.W.3d at 84-85.

Plaintiffs suffered an actual injury when Campbell I was dismissed for failure to comply with a discovery order, as Plaintiffs then were forced to take further action which otherwise would have been unnecessary, *i.e.,* to pay fees in order to have their lawsuit re-filed. Additionally, Plaintiffs suffered actual injury because they were taxed with costs both in the order dismissing Campbell I and in the order denying the motion to set aside the dismissal of Campbell I. Thus, Plaintiffs suffered an actual injury as a result of Defendant's wrongful or negligent conduct when Campbell I was dismissed.

Plaintiffs argue in their brief on appeal that "[o]rdinarily, the clock would begin to run following [the dismissal of Campbell I], however, [Defendant] caused [Plaintiffs] to continue to rely upon her to correct the dismissal as is evidenced by [Plaintiffs'] August 19, 2009 letter to [Defendant] . . . ." Plaintiffs argue that Defendant engaged in fraudulent concealment by continuing to assure Plaintiffs that the "case was ok" and, therefore, the statute of limitations did not begin to run until the dismissal of Campbell II. Plaintiffs are mistaken.

As this Court explained in *Cherry*:

A lawyer's rosy characterization of an order adverse to the client does not amount to fraudulent concealment of malpractice. *See Riddle v. Driebe*, 153 Ga. App. 276, 265 S.E.2d 92, 95 (1980). As long as the client is aware of the fact that the court has ruled against his or her rights or interests, arguably due to the lawyer's mishandling of the case, then it matters not how counsel may try to downplay or "spin" the bad result. At that point the client is aware of the fact of injury. For statute of limitations purposes, that awareness is not negated by the lawyer's assurances that the court rendering the adverse order got the law wrong. Nor does it matter that the lawyer states that he or she believes that an appellate court will reverse the adverse order. As we have previously said, "[W]e do not believe that reliance upon erroneous legal advice can operate to toll the statute of limitations," inasmuch as the discovery rule relating to injury only applies to matters of fact unknown to a prospective plaintiff, not to matters of law. *Spar Gas, Inc. v. McCune*, 908 S.W.2d 400, 404 (Tenn. Ct. App. 1995).

*Cherry*, 36 S.W.3d at 86.

The August 19, 2009 letter from Plaintiff Edwin Dennison to Defendant shows that at least by that date Plaintiffs were aware of the adverse judgment entered against them in Campbell I and also were aware that Defendant had failed to appear on their behalf at a "court date." Defendant's rosy characterization of the situation when she downplayed the severity of the dismissal of Campbell I and told Plaintiffs that the suit simply needed to be re-filed is insufficient to amount to fraudulent concealment. Additionally, even if Defendant engaged in fraudulent concealment with regard to her failure to make the court appearance by not informing Plaintiffs of this failure, the August 19, 2009 letter shows that Plaintiffs were on notice of Defendant's failure to make the court appearance, at the latest, as of the date of the letter.

In their brief on appeal Plaintiffs state: "The entirety of the [August 19, 2009] letter shows that while [Plaintiffs] may have been aware that [Defendant] had failed at performing her duties, it also demonstrates their reliance on her conduct in causing them to continue to rely upon her throughout the re-filing of the Campbell II lawsuit." This statement acknowledges that Plaintiffs were aware of the alleged malpractice, but chose to continue to rely upon Defendant. Plaintiffs' reliance upon Defendant's erroneous legal advice after the dismissal of Campbell I is insufficient to toll the statute of limitations.

The August 19, 2009 letter shows that Plaintiffs knew or should have known of Defendant's wrongful or negligent conduct by the date of the letter, at the latest. Plaintiffs, given the undisputed material facts, have not shown fraudulent concealment and,

-11-

therefore, the statute of limitations began to run as of the date of the August 19, 2009 letter, at the latest. As such, Plaintiffs' suit filed September 21, 2010 was filed outside of the statute of limitations.

Given the undisputed material facts, Defendant has shown that Plaintiffs suffered an actual injury as a result of the alleged malpractice when Campbell I was dismissed and that Plaintiffs knew or should have known by August 19, 2009 that the injury was a result of Defendant's wrongful or negligent conduct. Plaintiffs failed to show any genuine disputed issue regarding their claim of fraudulent concealment of Defendant's alleged negligence. Given all this, Defendant was entitled to judgment as a matter of law.

Our disposition of Plaintiffs' first issue renders moot the necessity of considering Plaintiffs' second issue. We affirm the Trial Court's September 13, 2013 judgment dismissing Plaintiffs' claim against Defendant.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellants, Edwin Dennison, Kaye Dennison, Joel Campbell, and Christine Campbell, and their surety.

_____
D. MICHAEL SWINEY, JUDGE